**Frank Guytan FRIAS, Appellant,**

v.

**Lawrence E. WILSON, Warden, California State Prison, San Quentin, California, Appellee.**

**No. 20849.**

United States Court of Appeals Ninth Circuit.

Feb. 3, 1967.

---

16 L.Ed.2d 882 (1966) provides the direct answer to this very contention; there the Supreme Court declared: "we do not find any persuasive reason to extend Escobedo and Miranda to cases tried before those decisions were announced, even though the cases may still be on direct appeal." (p. 733 of 384 U.S., p. 1781 of 86 S.Ct.).

■■ But, urges appellant, the California Supreme Court in In re Lopez, 62 Cal.2d 368, 42 Cal.Rptr. 188, 398 P.2d 380 (1965) adopted a more liberal rule than that announced by the Supreme Court in *Johnson* and regards as determinative the date that the conviction became final in the true technical sense, rather than merely the date the judgment was entered. In re Spencer, 63 Cal.2d 400, 46 Cal.Rptr. 753, 406 P.2d 33 (1965). Of course a state court may apply more liberal standards than those declared by the Supreme Court; however the issue in a federal court remains whether judged by federal standards a petitioner was accorded the minimum guarantees afforded by the United States Constitution.

The judgment is affirmed.

---

Frank Guytan Frias, in pro. per.

Thomas C. Lynch, Atty. Gen., of Cal., Robert R. Granucci, Horace Wheatley, Deputy Attys. Gen., San Francisco, Cal., for appellee.

Before HAMLEY, HAMLIN and KOELSCH, Circuit Judges.

PER CURIAM.

In this habeas action, appellant, a prisoner of the State of California, argues that he is entitled to invoke the rule in *Escobedo* because the judgment of conviction rendered against him, although antedating that decision, did not become final until thereafter when it was affirmed by the California District Court of Appeal. Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772,