Juan Jorge Garcia CARDENAS,
Petitioner-Appellant,

v.

Peter PITCHESS, Sheriff of Los Angeles County, and California Department of Corrections, Chino, California, Respondents-Appellees.

No. 73–2361.

United States Court of Appeals,
Ninth Circuit.

Nov. 26, 1974.

Edward I. Gritz, Los Angeles, Cal., for petitioner-appellant.

Kent L. Richland, Deputy Atty. Gen., Los Angeles, Cal., for respondents-appellees.

## OPINION

Before CARTER, TRASK and GOODWIN, Circuit Judges.

JAMES M. CARTER, Circuit Judge.

This is an appeal from the dismissal of petitioner-appellant Juan Jorge Garcia Cardenas' petition for a writ of habeas corpus. He contends that the California District Court of Appeal was correct in holding that certain evidence introduced against him at his state court trial was illegaly obtained, but that the court was incorrect in holding that the admission into evidence was harmless error. The State (California) contends that the evidence was not illegally seized under federal standards, but even if illegally obtained, its admission was harmless beyond a reasonable doubt. We affirm.

Petitioner was found guilty on June 25, 1969, after trial by jury, of five counts of possession of destructive devices and five counts of unlawful discharge of explosives at five offices in the Los Angeles area, in violation of §§ 1230 and 375(4) of the California Penal Code. The California District Court of Appeal affirmed the judgment of conviction on July 28, 1971. Petitions for hearing in the California Supreme Court and for writ of certiorari in the United States Supreme Court were denied. The District Court for the Central District of California dismissed the petition for writ of habeas corpus, accepting the California Court of Appeal holding that the admission of the evidence was harmless beyond a reasonable doubt.

Because we conclude that the searches and seizures were legal under federal law applicable in considering this habeas petition, we do not reach the question of whether the convictions could be upheld had the evidence been illegally obtained under federal as well as state law.

■ The searches in question were both conducted following petitioner's arrest on two separate occasions. On April 15, 1968, petitioner and his co-defendant were placed under arrest for disturbing the peace (shouting at and grabbing police officers) in Miami, Florida. Because the suspects were reputed to be members of a Cuban Power group and because a gun and shells were observed in petitioner's car, in accordance with standard procedure the car was impounded and inventoried at police headquarters. The inventory produced a number of Cuban Power pamphlets, "Poder Cubano" stickers, an automatic pistol, and various shells, both live and spent. Almost all of the pamphlets and stickers were subsequently returned to Cardenas, but some were retained. Although there was a dispute as to whether or not petitioner requested the return of those pamphlets, the state trial court evidently believed the tesimony of the police officers that no such request had been made.

The California Court of Appeal held the arrest to be valid, but the inventory invalid under a California case, Mozzetti v. Superior Court, 4 Cal.3d 699, 94 Cal. Rptr. 412, 484 P.2d 84 (1971). Although "States are still entirely free to effectuate under their own law stricter standards than those [federal courts] have laid down and to apply those standards in a broader range of cases", Johnson v. New Jersey, 384 U.S. 719, 733, 86 S.Ct. 1772, 1781, 16 L.Ed. 2d 882 (1966), the issue in a federal court with respect to a habeas proceeding brought by a state prisoner "remains whether *judged by federal standards* a petitioner was accorded the minimum guarantees afforded by the United States Constitution." Frias v. Wilson, 373 F.2d 61 (9 Cir. 1967) (emphasis added).

The rule in this Circuit is not as strict as that in California, and would permit admission of the evidence in this case as having been obtained incident to an inventory search of the petitioner's car. Cotton v. United States, 371 F.2d 385, 392 (9 Cir. 1967). *See also* United States v. Edwards, 441 F.2d 749, 754 (5 Cir. 1971). In the present case, the car contained an automatic pistol in plain view, and the suspects were known to be affiliated with Cuban Power groups suspected of a number of bombings in the Miami area. Protection of the public justified the impoundment, and protection of both petitioner's property and the safety of the police officers justified the inventory.

■ On October 28, 1968, pursuant to a federal warrant for petitioner's arrest for interstate flight to avoid prosecution, petitioner and his apartment in Miami, Florida, were searched by special agents of tthe FBI. Although he was told that he was under arrest at the door of his apartment, because he reached his arm into the apartment, had a reputation for violence, and called to several persons inside, he was handcuffed in the apartment and a search was conducted for other persons, weapons, or "evidence of interstate flight."

The California Court of Appeal, relying on a California case, People v. Baca, 254 Cal.App.2d 428, 62 Cal.Rptr. 182 (1967), held that the "search went beyond the scope of the arrest." In *Baca*, the defendant was arrested pursuant to a bench warrant when she failed to appear in court. The court held that the heroin seized after her arrest and as a result of a search of her apartment was inadmissible because the search could not possibly have revealed evidence of the crime for which she was arrested —failure to appear in court.

In the present case, however, the police officers testified that they were looking for "airplane tickets, train tickets . . . [p]ossibly gasoline credit card receipts," properly seizable as instrumentalities and means by which the crime of interstate flight was committed. The scope of the search was therefore not unrelated to the arrest.

Further, the search was justified as incident to petitioner's arrest. Because the arrest occurred prior to the decision in Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969), pre-*Chimel* standards determined the validity of the search. *See* Williams v. United States, 401 U.S. 646, 91 S.Ct. 1148, 28 L.Ed.2d 388 (1971) (*Chimel* not retroactive). The search in *Williams, supra,* upheld under pre-*Chimel* standards, was far more extensive than that conducted in the present case. *Id.* at 650, n. 2, 91 S.Ct. 1148. Therefore, the evidence (primarily Cuban Power pamphlets and stickers) obtained during the search of petitioner's apartment was properly admitted under the applicable federal rule. His conviction based on that evidence cannot be said to be fundamentally unfair or otherwise unconstitutional.

We have reviewed petitioner's other claims of error and find them to be without merit.

Judgment affirmed.