Arthur B. SMITH, Appellant,

v.

Lawrence E. WILSON, Warden, Appellee.

No. 22203.

United States Court of Appeals Ninth Circuit.

July 10, 1968.

**316**

Arthur B. Smith in pro. per.

Thomas C. Lynch, Atty. Gen., Derald E. Granberg, Michael Buzzell, Deputy Attys. Gen., San Francisco, Cal., for appellee.

Before POPE and KOELSCH, Circuit Judges, and BOLDT, District Judge.

PER CURIAM.

The appellant is a state prisoner incarcerated in a California prison under the control of the appellee Warden. He was tried in a California Superior Court, without jury, for the crime of murder in the first degree. He was convicted and sentenced to life imprisonment on January 20, 1965. He filed a motion for new trial and a notice of appeal from the judgment. His motion was denied and the judgment was affirmed by both the District Court of Appeal· and the Supreme Court of California.

On May 5, 1967, appellant filed in the federal district court a petition for the writ of habeas corpus in which he alleges that he is being held in custody unlawfully. The petition was denied but a certificate of probable cause was issued. The appellant, who appears to be a person of understanding, has filed his appeal here in propria persona.

In the petition for the writ, which is on printed form supplied by the Clerk of the District Court, appellant, in answer to Question 10: "State concisely the grounds on which you base your allegations that you are being held in custody

unlawfully", states: "(a) That petitioner was denied his constitutional right to the assistance of counsel at interrogation and the introduction of the interrogation transcript was reversible error." In the same petition, under question "16": "If any ground set forth in said (10) has not previously been presented to any court, State or Federal, set forth the ground and state concisely the reasons why such ground has not been previously presented," appellant replied: "(a) Inadequate council [sic]. by the Public Defender at trial. Because counsel on appeal would not consider it."

Citing 28 U.S.C. § 2254(b), the lower court, in its Memorandum and Order dismissing the petition, concluded that inasmuch as this ground was not previously presented, the appellant had not exhausted his state remedies. We find no error in this conclusion. Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L. Ed.2d 837; Poole v. Fitzharris, 9 cir., (June 12, 1968), 396 F.2d 544.

The second ground upon which appellant bases his petition for the writ, namely, that incriminating statements were introduced in evidence against him in violation of directives set out in Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 and People v. Dorado, 62 Cal.2d 338, 42 Cal.Rptr. 169, 398 P.2d 361, was considered by the lower court and by the California District Court of Appeal. We find no error in the record on this ground.

Appended to the appellee's brief here is the opinion of the California District Court in the appeal from the judgment of the Superior Court brought by the appellant. That opinion goes into the facts surrounding the two statements made by the appellant, both of which involved him in the crime. The first statement, made to Deputy Sheriff Tolfa, the court described as follows: "The defendant was cradling her [his wife] in his arms, sobbing and stating, 'My God, what did I do?' The Officer asked the defendant, 'What did you do?' The defendant reached to the floor and picked up a straight-edged ra-

zor, handed it to the officer and said, 'I did it with this, sir.' " The defendant conceded this statement was legally admissible and the court so found.

Later, that same day, a second statement was made to two deputy sheriffs at the Sheriff's station. When defendant was asked whether he had cut his wife more than once, he replied: "I don't know. When I knocked the razor out of her hand and grabbed it and swung it at her, then when she fell, I fell with her. Whether I cut her I don't know, but I grabbed her and started hollering for an ambulance." The court concluded that this second statement "which attempts to negative an unlawful intent" was "an admission rather than a confession"; that the introduction of such a statement was harmless error because the defendant had made an earlier admissible confession; that it was not prejudicial per se and did not automatically require a reversal. Further, the court said, there was no reasonable probability that the trial court would have reached a result more favorable to the defendant if the statement complained of had been excluded.

■ The district court, in dismissing the application for the writ, was of the opinion that a State may apply a more liberal rule than that announced by the Supreme Court without raising a federal question. We are in agreement. See Frias v. Wilson, 9 cir., 373 F.2d 61. Furthermore, it is clear from the evidence set out by the California District Court that the first statement made by appellant was taken during the investigatory rather than the accusatory stage here and that such statement was admissible under the standards established in Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977. Also, as the district court found, it does not appear that appellant requested and was denied counsel before giving the second statement. Manning v. State of California, 9 cir., 378 F.2d 357; Wilson v. Anderson, 9 cir., 379 F.2d 330, 334.

We affirm the denial of appellant's petition for the writ of habeas corpus.