409 A.2d 848

In re Application of Edward G. BIESTER, Jr., Attorney General for the Commonwealth of Pennsylvania, Requesting that an Order Directing that a Multi-County Investigating Grand Jury, Having Statewide Jurisdiction, be Summoned.

William C. COSTOPOULOS, Petitioner,

v.

Richard L. THORNBURGH, Governor for the Commonwealth of Pennsylvania, Robert E. Casey, Treasurer of Pennsylvania, and Edward G. Biester, Jr., Attorney General for the Commonwealth of Pennsylvania, Respondents.

Supreme Court of Pennsylvania.

Dec. 26, 1979.

James J. West, Henry G. Barr, Asst. Attys. Gen., Dauphin County.

William C. Costopoulos, Lemoyne, for petitioner in No. 98 and for intervenor in No. 91.

Richard L. Thornburgh, Governor of Pennsylvania, Robert E. Casey, Treasurer of Pennsylvania, for respondents in No. 98.

Edward G. Biester, Jr., Atty. Gen., for petitioner in No. 91 and respondents in No. 98.

James J. West, Harrisburg, Stephen Goldblatt, Philadelphia, Robert Eberhardt, Pittsburgh, for amicus curiae.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO, LARSEN and FLAHERTY, JJ.

## OPINION OF THE COURT

EAGEN, Chief Justice.

Pursuant to the Investigating Grand Jury Act, Act of November 22, 1978, P.L. 1148 No. 271, §§ 1 et seq., 19 P.S. §§ 265 et seq. [Hereinafter: 19 P.S. § 265], the Attorney General of the Commonwealth, Edward G. Biester, Jr., filed with the Prothonotary of this Court at 91 E.D.Misc.Dkt.1979 an "application requesting an order directing that a multi-county investigating grand jury having statewide jurisdiction be summoned." Pursuant to 19 P.S. § 268, the application was presented to me, as Chief Justice of Pennsylvania, and I, on July 2, 1979, entered an order which, inter alia, directed the summonsing and convening of a multi-county investigating grand jury with statewide jurisdiction.

On that same day, William C. Costopoulos, Esquire, filed an "application for leave to intervene," an "amicus curiae brief," and an "application of amicus to present oral argument." Additionally, Costopoulos filed a "petition for review" at 98 E.D.Misc.Dkt.1979 seeking to set aside the application of the Attorney General at 91 E.D.Misc.Dkt.1979.

On July 30, 1979, I entered a rule to show cause on the petition for review returnable on September 18, 1979 at 10:00 a. m., and granted the application of amicus curiae to present oral argument at the same time. Further, on July 30, 1979, this Court granted the application for leave to intervene.

On August 29, 1979, the Pennsylvania District Attorneys Association filed an "application of amicus curiae for leave to present oral argument" at 91 E.D.Misc.Dkt.1979. On August 31, 1979, the District Attorney of Allegheny County filed an "application for leave to present oral argument" at 91 E.D.Misc.Dkt.1979. I granted the former on September 4, 1979 and the Court denied the latter on September 17, 1979.

Costopoulos filed an "application for stay" of the order of July 2, 1979 at 91 E.D.Misc.Dkt.1979 on August 29, 1979. Decision on that application was reserved by this Court on August 30, 1979. Following oral argument in both matters, specifically on September 19, 1979, this Court denied the application for stay.

Oral argument in both matters was presented on September 18, 1979 by Costopoulos, the Attorney General, and the Pennsylvania District Attorneys Association. Briefs were filed by the same parties and by the District Attorney of Allegheny County as amicus curiae.

Essentially, Costopoulos, as amicus curiae and intervenor at 91 E.D.Misc.Dkt.1979 and as petitioner at 98 E.D.Misc. Dkt.1979, seeks reversal of the July 2, 1979 order at 91 E.D.Misc.Dkt.1979 or, stated otherwise, the dismissal or denial of the Attorney General's application at 91 E.D.Misc. Dkt.1979 because 19 P.S. §§ 265 *et seq.* is unconstitutional or because the application itself is defective on its face or defective when 19 P.S. §§ 265 *et seq.* is judicially construed so that it is constitutional.

The Attorney General argues Costopoulos is without standing as an intervenor and as a petitioner. Costopoulos in his application to intervene, in his petition for review, and

in his briefs in both actions argues he has standing as a taxpayer citing *Smith v. Gallagher*, 408 Pa. 551, 185 A.2d 135 (1962).[1]

We granted Costopoulos' application to intervene because *Smith v. Gallagher*, supra, as precedent was apparently dispositive of the standing issue. After careful consideration of the arguments presented, we now vacate our order granting intervention, deny the application to intervene,[2] dismiss the petition for review, and hold Costopoulos, as a taxpayer, is without standing to advance the actions. Furthermore, to the extent *Smith v. Gallagher*, supra, is contrary to today's ruling, it is expressly overruled.

█ The purpose of the requirement of standing is to protect against improper plaintiffs. K. Davis, *Administrative Law Text* § 22.04 (3rd ed. 1972) [Hereinafter: *Davis*]. A plaintiff, to meet that requirement, must allege and prove an interest in the outcome of the suit which surpasses "the common interest of all citizens in procuring obedience to the law." *Wm. Penn Parking Garage v. City of Pittsburgh*,[3] 464

1. We shall assume Costopoulos is a taxpayer of the Commonwealth even though the Attorney General has demanded proof of that fact because, even so assuming, Costopoulos is without standing.

2. Pa.R.C.P. 2327, in pertinent part, provides:
   "At any time during the pendency of an action, a person not a party thereto shall be permitted to intervene therein, subject to these rules if:
   *     *     *     *     *     *
   "(4) the determination of such action may affect any legally enforceable interest of such person whether or not he may be bound by a judgment in the action."
   The exact boundaries of a legally enforceable interest have not been set, but clearly, under the circumstances presented, if Costopoulos lacks standing to advance the petition for review, he has no legally enforceable interest to assert as an intervenor.

3. Mr. Justice Roberts authored the opinion of the court in *Wm. Penn*, supra, and was joined by Mr. Justice O'Brien and Mr. Justice Manderino. Mr. Justice Nix concurred in the result. I authored a concurring opinion which was joined by Mr. Chief Justice Jones and Mr. Justice Pomeroy wherein the propriety of eliminating the requirement that the interest asserted be pecuniary was questioned. Hence, the case is not precedent, but is instructive and has been so treated in the area of general standing and in the area of taxpayer

Pa. 168, 192, 346 A.2d 269, 281 (1975) [Hereinafter: *Wm. Penn*]. To surpass the common interest, the interest is required to be, at least, substantial, direct, and immediate. *Wm. Penn*, supra.

Instantly, the interest advanced by Costopoulos, as a taxpayer, is the prevention of a waste of tax revenue as a result of expenditures which will occur and are illegal because the empaneling of this investigating grand jury is illegal since 19 P.S. §§ 265 *et seq.* is unconstitutional or since the application is defective when the statute is judicially construed so as to be constitutional. Costopoulos asserts 19 P.S. §§ 265 *et seq.* is unconstitutional or must be construed so as to render the application defective because otherwise certain constitutional violations will occur, namely, the Attorney General will be able to usurp the constitutional authority of the judiciary and the rights of the citizens of this Commonwealth to reputation, Pa.Const. art. I, § 1, to freedom from unreasonable search and seizure, Pa.Const. art. I, § 8, to be heard, Pa.Const. art. I, § 9, and to confront witnesses, Pa.Const. art. I, § 9 [4] will be violated.

Hence, we must examine Costopoulos' interest to determine if it meets the requirements of *Wm. Penn*, supra.[5]

standing. See e. g., *Taxpayers of Lack. Co. Appeal*, 37 Pa.Cmwlth. 580, 390 A.2d 1368 (1978) [Hereinafter: *Taxpayers*]; *Wilt v. Beal*, 26 Pa.Cmwlth. 298, 363 A.2d 876 (1976) [Hereinafter: *Wilt*].

**4.** Costopoulos also cites Pa.Const. art. I, § 4 which prohibits disqualification to hold any office because of religious beliefs. The relevancy of the constitutional protection to the constitutionality of 19 P.S. §§ 265 *et seq.* or to any possible construction of it is not explained.

**5.** But see Note, *Taxpayers' Suits: A Survey and Summary*, 69 Yale L.J. 895, 904, wherein it is said:

"The ultimate basis for granting standing to taxpayers must . . . be sought outside the normal language of the courts. Taxpayers' litigation seems designed to enable a large body of the citizenry to challenge governmental action which would otherwise go unchallenged in the courts because of the standing requirement. Such litigation allows the courts, within the framework of traditional notions of 'standing,' to add to the controls over public officials inherent in the elective process the judicial scrutiny of the statutory and constitutional validity of their acts."

The note refers to cases presenting special circumstances, i. e., the absence of any "more proper" plaintiff discussed infra.

In the absence of special circumstances, discussed infra, and in the absence of an effect on the amount of tax paid by the plaintiff-taxpayer, cf. *Wm. Penn*, supra, the prevention of a waste of tax revenue has been correctly held to be an interest which is not immediate because the detriment to the taxpayer is too remote since he is not directly or specially affected by the loss. *Taxpayers*, supra. Cf. *Wilt*, supra. The prevention of a waste of tax revenue, under the circumstances presented, is merely the same interest all citizens have in having others comply with the law or the constitution.[6] *Wm. Penn*, supra; *Taxpayers*, supra. Cf. *Wilt*, supra. Accordingly, absent special circumstances, such an interest is not sufficient to confer standing, and, hence, we hold Costopoulos is without standing. Compare *Hamilton Appeal*, 407 Pa. 366, 180 A.2d 782 (1962) (taxpayers have no standing to appeal an order denying a petition to empanel an investigating grand jury).

Certain cases exist which grant standing to taxpayers where their interest arguably does not meet the requirements of *Wm. Penn,*, supra. The relaxing of those requirements in those cases or, more appropriately, the granting of standing where the degree of causal connection between the action complained of and the injury alleged is small, can be

**6.** In *Wm. Penn*, supra 464 Pa. at 197, 346 A.2d at 283, the requirement that the interest be immediate was explained as involving a concern with "the nature of the causal connection between the action complained of and the injury to the person challenging it." Necessarily, any examination of this requirement was said to be a question of degree for which only guidelines could be established. One of the two guidelines discussed was whether the type of interest asserted was among the policies or interests protected by the legal or constitutional rule relied on by the person claiming standing. *Wm. Penn*, supra, 464 Pa. at 198, 346 A.2d at 284. Stated another way, i. e., in terms of federal cases, see *Wilt*, supra 26 Pa.Cmwlth. at 307, 363 A.2d at 882, this guideline determines whether "the interest [the taxpayer] seeks to protect is 'arguably within the zone of interests sought to be protected or regulated by the statute or constitutional guarantee in question.'" *Wm. Penn*, supra, 46 Pa. at 198 n. 23, 346 A.2d at 284 n. 23. As a test, as opposed to a guideline, this inquiry has been severely criticized. See, e. g., *Davis*, supra at § 22.06.

Instantly, the interest Costopoulos asserts, i. e., preventing waste of tax revenue, is not even arguably within the zone of interests sought to be protected by the constitutional guarantees he advances.

explained by the policy behind granting taxpayers standing. Furthermore, an examination of that policy fortifies us in our holding today that Costopoulos is without standing.

■ As Mr. Justice Roberts pointed out over ten years ago in *Faden v. Phila. Housing Auth.*, 424 Pa. 273, 278, 227 A.2d 619, 621–22 (1967):

"[A]lthough many reasons have been advanced for granting standing to taxpayers, the fundamental reason for granting standing is simply that otherwise a large body of governmental activity would be unchallenged in the courts."

See Note, *Taxpayers' Suits: A Survey and Summary*, supra, n. 5. Hence, the policy for granting standing there the degree of causal connection is small is to ensure judicial review which would otherwise not occur. This will most often occur when those directly and immediately affected by the complained of expenditures are beneficially affected as opposed to adversely affected. Cf. *Faden v. Phila. Housing Auth.*, supra.

■ Instantly, the constitutionality of 19 P.S. §§ 265 *et seq.*, as well as the petition of the Attorney General, can be expected to be challenged by those subject to the grand jury's actions because they will be adversely affected. Indeed, those subject to a county grand jury empaneled under 19 P.S. §§ 265 *et seq.* have already brought such challenges. Furthermore, such persons can be expected to allege precisely the interests which are within the zones of protection of the constitutional guarantees upon which Costopoulos' claim that 19 P.S. §§ 265 *et seq.* is unconstitutional is based.[7]

Finally, our holding is also in accord with *Government of Guam ex rel. Carlos G. Camacho v. Bird*, 398 F.2d 315 (9th Cir. 1968), wherein, in the context of a possible reduction in taxes, the court said:

7. We note that 19 P.S. § 268 allows the Attorney General to appeal to the Supreme Court from a failure to grant an application of the Attorney General, but does not grant a similar right to appeal to anyone from an order granting such an application. This too fortifies us in our holding that those affected by the grand jury are the proper persons to challenge it and 19 P.S. §§ 265 *et seq.*

"Consideration must be given to other factors such as, for example, the appropriateness of judicial relief, the availability of redress through other channels, or *the existence of other persons better situated to assert the claim.* See Jaffe, Standing to Secure Judicial Review: Public Actions, 74 Harv.L.Rev. 1265 (1961); Note, Taxpayers' Suits: A Survey and Summary, 69 Yale L.J. 895, 904, 924 (1960); cf. *School Dist. of Abington Tp., Pa. v. Schempp,* 374 U.S. 203, 266 n. 30, 83 S.Ct. 1560, 10 L.Ed.2d 844 (1963) (Brennan, J., concurring); *Joint Anti-Fascist Refugee Committee v. McGrath,* 341 U.S. 123, 150, 71 S.Ct. 624, 95 L.Ed. 817 (1951) (Frankfurter, J., concurring)." [Emphasis added.]

The order granting intervention is vacated and the application to intervene is denied. The petition for review is dismissed.

MANDERINO, J., did not participate in the decision of this case.