In Re: Application of El Rancho Grande, Inc. Jack Stevens, Daniel Galeotti, Tom Glover, Joseph Studder, Robert Warringer and Tioga-Potter Tavern Owners Association, Appellants.

Argued February 7, 1980, before Judges BLATT, MACPHAIL and WILLIAMS, JR., sitting as a panel of three.

*Clifford A. Rieders, Stuart, Murphy, Smith, Mussina, Harris & Rieders,* for appellants.

*Thur W. Young,* for appellee.

OPINION BY JUDGE MACPHAIL, May 19, 1980:

In the instant appeal, the individual Appellants were protesters in the proceedings before the Liquor Control Board (Board) regarding the application of El Rancho Grande, Inc. for a liquor license. The individual Appellants appealed the grant of the license to the Court of Common Pleas of Potter County and Tioga-Potter County Tavern Owners Association (Association) petitioned the trial court for leave to intervene. Leave was granted to the Association to intervene for the limited purpose of being heard on the issue of standing. After hearing, the trial court decided that none of the Appellants had standing to appeal from the decision of the Board.

It is admitted that none of the Appellants did business within a five mile radius of Applicant's premises. All Appellants would be competitors of the Applicant.

Section 404 of the Liquor Code (Code), Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §4-404, provides, *inter alia,* that the Board shall grant liquor licenses under certain circumstances, that it has discretion to grant or refuse licenses under other circumstances and that it should refuse to grant licenses under still other circumstances. None of the circumstances set forth in the statute mention competing li-

censees who are more than 200 feet from the premises to be licensed. Section 464 of the Code, 47 P.S. §4-464, provides that any church, hospital, charitable institution, school or public playground aggrieved by the Board's action in granting a license may appeal to the Court of Common Pleas. Obviously, Appellants here do not fit within any of those categories.

Nevertheless, Appellants contend that by virtue of the provisions of Section 702 of the Administrative Agency Law (Law), 2 Pa. C.S. §702, they have the absolute right to appeal. Section 702 of the Law provides:

> ANY person aggrieved by an adjudication of a Commonwealth agency who has a direct interest in such adjudication shall have the right to appeal therefrom to the court vested with jurisdiction of such appeals by or pursuant to Title 42 (relating to judiciary and judicial procedure).

Thus, there are two criteria Appellants must demonstrate to have standing: they must be aggrieved and they must have a direct interest. Appellants as competitors claim they will be aggrieved if the license is granted and that their interest is also direct because they are competitors. In *Elemar, Inc. Liquor License Case,* 44 Pa. Commonwealth Ct. 515, 404 A.2d 734 (1979), we held that the Pennsylvania Tavern Association and P.U.B.L.I.C., both of which were comprised of competing licensees, had standing in a mandamus proceeding to enforce a suspension order issued by the Board. Nothing in the Code restricts or defines those who have an interest in the enforcement of a suspension order. In contrast, as we have noted, the Code *does* set forth in very specific terms those who have a direct interest in the grant or relocation of a license. Therefore, we hold that *Elemar* does not control our decision here.

Because none of the Appellants fall within any of the classifications of interested parties set forth in the Code provisions relating specifically to the grant or relocation of a license, we hold that they have no direct interest in the adjudication of the Board. *See Gismondi Liquor License Case,* 199 Pa. Superior Ct. 619, 186 A.2d 448 (1962) and *Marks Appeal,* 8 Pa. D. & C. 3d 580 (1978). Were we to hold that Appellants solely by reason of the fact that they are competitors have standing to contest the grant of this license by reason of the adverse impact on their pocketbooks, we would open the floodgates for protest from every licensee regardless of location every time a new license is sought. *cf. Ritter Finance Co. v. Myers,* 401 Pa. 467, 165 A.2d 246 (1960). We believe the legislature wisely decided that unless the competitor's premises was within 200 feet of the location of the proposed new license, the Board did not have to consider another licensed premises in determining whether or not a new license should be issued.

Order affirmed.

## ORDER

AND Now, this 19th day of May, 1980, the order of the Court of Common Pleas of Potter County, dated December 28, 1978, is affirmed.

President Judge BOWMAN did not participate in the decision in this case.

---

DISSENTING OPINION BY JUDGE BLATT:

I do not believe that *Elemar, Inc. Liquor License Case,* 44 Pa. Commonwealth Ct. 515, 404 A.2d 734 (1979), is, as the majority concludes, legally distinguishable. I believe, therefore, that its holding must be followed until it is overruled, and I would reverse the order of the court of common pleas.