The Dobbin House, Inc., Appellant v. Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellee. The Retreat, Inc., Intervenor.

Argued February 6, 1981, before Judges WILKINSON, JR., BLATT and WILLIAMS, JR., sitting as a panel of three.

*Chester Gitt Schultz,* for appellant.

*J. Leonard Langan,* Assistant Attorney General, for appellee.

*Gerald E. Ruth,* for intervenor, The Retreat, Inc.

OPINION BY JUDGE WILKINSON, JR., March 4, 1981:
Appellee Pennsylvania Liquor Control Board (Board) issued a liquor license to intervenor, The Retreat, Inc. (Retreat) for premises located in Gettysburg. Though the quota of licenses for that municipality had been exceeded, the Board considered the premises proposed to be licensed located within a resort area and found that there was a necessity for an additional retail liquor license in the municipality. Opponents of the application included Inter-Great Services, Inc. (Inter-Great), a Board licensee located

within 200 feet of the premises proposed to be licensed; The Dobbin House, Inc. (Dobbin House), a Board licensee located more than 200 feet from the premises proposed to be licensed; and Robert J. Monahan, Jr., an inhabitant of the neighborhood within a radius of 500 feet of the premises proposed to be licensed. Those three appealed to the Court of Common Pleas of Adams County. Upon motion by Retreat, the court of common pleas quashed the appeal as to Dobbin House, refused to quash the appeal as to Inter-Great, and transferred the remainder of the case to this Court.

In this appeal Dobbin House contends that it had standing to appeal from the Board's decision to issue a liquor license to Retreat.

Section 404 of the Liquor Code, Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §4-404, provides:

That in the case of any new license or the transfer of any license to a new location the board may, in its discretion, grant or refuse such new license or transfer if such place proposed to be licensed is within three hundred feet of any church, hospital, charitable institution, school, or public playground, or if such new license or transfer is applied for a place which is within two hundred feet of any other premises which is licensed by the board . . . [and] That the board shall refuse any application for a new license or the transfer of any license to a new location if, in the board's opinion, such new license or transfer would be detrimental to the welfare, health, peace and morals of the inhabitants of the neighborhood within a radius of five hundred feet of the place proposed to be licensed. . . .

''None of the circumstances set forth in the statute mention competing licensees who are more than 200

feet from the premises to be licensed." *Application of El Rancho Grande, Inc.,* 51 Pa. Commonwealth Ct. 410, 411-12, 414 A.2d 751, 752 ((1980). Section 464 of the Liquor Code, 47 P.S. §4-464, provides that "any church, hospital, charitable institution, school or public playground located within three hundred feet of the premises applied for" may appeal from the action of the Board in granting a license. Because Dobbin House does not fit within any of the categories of Section 464 and Section 404, it has no statutory right of appeal. *See Application of El Rancho Grande, Inc., id.; Gismondi Liquor License Case,* 199 Pa. Superior Ct. 619, 186 A.2d 448 (1962).

Dobbin House's emphasis on its protest to the application and its counsel's participation at the Board's hearings on the application is of no avail. A physically distant licensee "may appear before the Board and make known its objections to any application which might affect it, but this is 'far different from conceding that by so participating in the proceedings they become parties litigant entitled to an appeal on the merits. . . .'" *White Oak Borough v. Kusic,* 7 Pa. Commonwealth Ct. 280, 283, 299 A.2d 56, 57 (1973) (quoting *Seitz Liquor License Case,* 157 Pa. Superior Ct. 553, 556, 43 A.2d 547, 548 (1945)). Nor do we find persuasive Dobbin House's argument that since the courts have provided definitions and criteria with respect to the issuance of licenses in resort areas, *see, e.g., Petition of Springdale Sportsmen's Association,* 20 Pa. Commonwealth Ct. 479, 342 A.2d 802 (1975), effective judicial scrutiny of Board decisions granting licenses above the quota for a resort area requires that any licensee within the resort area have the right to appeal. The categories set forth in Section 464 of the Liquor Code and the limited extension of that section as recognized in *Gismondi Liquor License Case, supra,* set the standards for who may appeal a

decision of the Board. *Cf. Application of El Rancho Grande, Inc., supra; Marks Appeal,* 8 Pa. D. & C.3d 580 (1978).

Accordingly, we will enter the following

ORDER

AND Now, March 4, 1981, the order of the Court of Common Pleas of Adams County, docketed to Civil Action—Law No. 80-S-80, dated February 19, 1980, insofar as it quashes the appeal of The Dobbin House, Inc., is affirmed.