In Re: Application of The Family Style Restaurant, Inc. Frank Roda and The Lancaster County Tavern Owners Association, Appellants.

362

Argued February 4, 1982, before Judges BLATT, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*James H. Thomas,* with him *Kenneth R. Covelens, Wenger, Byler & Thomas,* for appellants.

*David Shotel,* with him *Gary G. Krafft, Notturno, Russell, Krafft & Gruber,* for appellee.

OPINION BY JUDGE BLATT, July 9, 1982:

On November 13, 1980 a hearing was held before a hearing examiner of the Pennsylvania Liquor Control Board (Board) on the application of The Family

Style Restaurant, Inc. (applicant) for a new retail restaurant liquor license. Testimony was offered by a representative of the Pentidattillo Corporation, which operates the Italian Villa, a licensed premises located within 200 feet of the applicant's premises, and by a representative of the Lancaster County Tavern Owners Association (Association).

On December 23, 1980, the Board approved the issuance of a license under the resort area exception noted in the Liquor Code, Section 461(b) of the Liquor Code (Code), Act of April 12, 1951, P.L. 90, *as amended*, 47 P.S. §4-461(b), and on January 22, 1981, the Association and Frank Roda, averredly the owner of the Italian Villa, appealed. In answering the appeal, the applicant challenged the standing of both parties to maintain an appeal, averring that the Pentidattillo Corporation, rather than Roda, was the owner of the Italian Villa and was also the licensee named in its liquor license. The appellants, in their brief submitted below, "admit and concur with the answer" but argued that the Italian Villa, as a licensee located within 200 feet of the applicant's premises, had been represented at the original hearing and that the corporation, therefore, had standing to appeal as an aggrieved party. On April 13, 1981, the court below held that the corporation had not been named as a party to the action and that it was therefore without standing to appeal. The court also found that the Association was without standing, and dismissed the action.

Pentidattillo Corporation advances several theories under the Liquor Code, the Administrative Agency Law and the Pennsylvania Constitution as to why it has standing in this matter. We need not address these arguments, however, for the controlling law in this area is clear. It is well-settled that amendment

to correct the name of a party to an appeal will be permitted if the right party was *already* in court, but no such amendment will be permitted after the running of the controlling statute of limitations if the effect is to bring a new party into court. *Hindsley Liquor License Case,* 26 Pa. Commonwealth Ct. 121, 362 A.2d 1144 (1976). This appeal was brought in the name of Frank Roda, the president of the corporation, rather than in the name of the corporation itself. A corporation is a separate legal entity, distinct from the aggregate of individuals comprising it, *Gagnon v. Speback,* 389 Pa. 17, 131 A.2d 619 (1957), and this legal entity will not be disregarded merely because the corporation is a licensee under the state liquor laws. *Price Bar, Inc. Liquor License Case,* 203 Pa. Superior Ct. 481, 201 A.2d 221 (1964). The effect of permitting amendment of the name of a party appellant from that of an officer of the corporation to that of the corporation itself would be to bring a new party onto the record subsequent to expiration of the statute of limitations, *Hindsley,* and, the Pentidattillo Corporation not having been a party to the appeal prior to the running of the limitations period, the amendment it seeks must be refused as untimely. *Hindsley.* And, of course, because the corporation was not a timely party to the appeal, it has no standing in this matter here.

As to the standing of the Association, the court below relied on our holding in *In re: Application of El Rancho Grande, Inc.,* 51 Pa. Commonwealth Ct. 410, 414 A.2d 751 (1980), and determined that the Association also lacked standing. *El Rancho Grande,* however, involved an appeal from the granting of a new liquor license by individual competitors in which The Tioga-Potter County Tavern Owners Association was permitted to intervene in that action for the

limited purpose of being heard on the issue of the standing of the individual competitors. It was held there that none of the appellants had a direct interest in the adjudication of the Board because none of them fell within any of the classifications of interested parties set forth in those sections of the Liquor Code which specifically deal with the grant or relocation of a license. Subsequent to the decision of the court below in the instant case, our Supreme Court concluded that the individual competitors in *El Rancho Grande* had standing but that the Tavern Owners Association did not and, therefore, vacated our order and remanded the matter to us for consideration on the merits. *In re Application of El Rancho Grande, Inc.*, 496 Pa. 496, 437 A.2d 1150 (1981). In so ruling, the Supreme Court reasoned that, although competitors "may not obtain a remedy at law solely on the basis of their economic injury, the injury is nonetheless so inextricably intertwined with the fundamental goals which the Liquor Code seeks to achieve as to make the individual appellants vigorous and reliable representatives of the public interest" and that by virtue of Section 702 of the Administrative Agency Law, 2 Pa. C. S. §702, they, therefore, "had standing to appeal the Board's determination to grant Applicant a 'resort area' license in excess of the statutory quota." *Id. at* 508, 437 A.2d at 1156. In reaching this result, the Supreme Court relied on its recent opinion in *Application of Biester,* 487 Pa. 438, 409 A.2d 848 (1979), in which, in discussing the requirement that the person claiming standing to challenge an administrative action must assert an interest that is immediate, it said:

> Stated another way, i.e., in terms of federal cases, . . . this guideline determines whether "the interest [the taxpayer] seeks to protect

is 'arguably within the zone of interests sought to be protected or regulated by the statute or constitutional guarantee in question.' "

*Id.* at 444 n. 6, 409 A.2d at 852 n. 6 (quoting *William Penn Parking Garage v. City of Pittsburgh,* 464 Pa. 168, 198 n. 23, 346 A.2d 269, 284 n. 23 (1975) (quoting *Association of Data Processing Service Organizations, Inc. v. Camp,* 397 U.S. 150, 153 (1970))).

The Supreme Court ruled in *El Rancho Grande,* however, that the Association lacked standing because its position in that case was more that of an amicus curiae than that of an injured party. It observed that the Association had not appeared before the Board to contest the applicant's request for a license nor had it advanced any issues before the court of common pleas which uniquely affected the Association, itself. While lacking standing to appear as a party to the appeal, therefore, it was permitted to retain its amicus curiae status on remand. And, because it appeared from the record in that case that the court below had not addressed the matter on its merits, we, by per curiam order, remanded the case to that court for consideration on the merits.

The Association which is presently before us consists of tavern owners who collectively assert that they are competitors of the applicant and will sustain economic injury if a restaurant liquor license is granted to the applicant in an area in which they allege no demonstrated need for one exists. We bebelieve that it has, therefore, met the test of standing by asserting that its members will be perceptibly harmed by the challenged action of the Board and that standing cannot be denied to persons who assert an injury in fact simply because many others are also injured. *United States v. Students Challenging Regulatory Agency Procedures,* 412 U.S. 669 (1973). Furthermore, the Association, represented by one of its

officers and by counsel, did appear as a protestant before the Board and was permitted to enter testimony and it subsequently appealed the Board's decision to the court of common pleas. Moreover, we believe that the economic injury claimed by the members of the Association is sufficient here under our Supreme Court's reasoning in *El Rancho Grande,* to confer standing upon the Association.[1]

---

[1] We reluctantly apply our Supreme Court's holding in *El Rancho Grande,* inasmuch as we do not believe that the Administrative Agency Law (Law) correctly read, provides a basis for affording standing in restaurant liquor license cases.

As noted by the Supreme Court in *El Rancho Grande,* Section 701(b) of the Law, 2 Pa. C. S. §701(b) provides in pertinent part:

Exceptions.—None of the provisions of this subchapter shall apply to:

. . . .

(2) Any appeal from a Commonwealth agency which may be taken initially to the court of common pleas under 42 Pa. C. S. §933 (relating to appeals from government agencies).

42 Pa. C. S. §933(e)(1) provides in pertinent part:

[E]ach court of common pleas shall have jurisdiction of appeals from final orders of government agencies in the following cases:

(1) Appeals from Commonwealth agencies in the following cases.

. . . .

(v) Determination of the Pennsylvania Liquor Control Board appealable under the act of April 12, 1951 (P.L. 90, No. 21), known as the "Liquor Code," except matters appealable under sections 433 [public service licenses], 444 [malt or brewed beverages manufactured outside this Commonwealth] or 710 [distillery certificate broker permit] of the act.

It would appear, therefore, that, under the language of Section 701 of the Law, 2 Pa. C. S. §701, Section 702 of the Law does not apply in appeals taken to the court of common pleas in restaurant liquor license cases. We feel constrained by the Supreme Court's order and opinion in *El Rancho Grande,* however, to dispose of this case similarly.

368

Here, as in *El Rancho Grande,* we must remand the matter to the court below for consideration on the merits of the appeal brought in this matter by the Association.

ORDER

AND Now, this 9th day of July, 1982, the order of the Court of Common Pleas of Lancaster County is affirmed insofar as it dismisses the petition on appeal of Frank Roda in the above-captioned matter and is vacated insofar as it dismisses the petition on appeal of the Lancaster County Tavern Owners Association.

It is further ordered that the petition on appeal of the Lancaster County Tavern Owners in the above-captioned case be remanded to the Court of Common Pleas of Lancaster County for consideration by it of the merits of the appeal to that court from the determination of the Pennsylvania Liquor Control Board granting the liquor license application of The Family Style Restaurant, Inc.

Judge MENCER did not participate in the decision in this case.