**CRADDICK DEVELOPMENT INC., an American Samoa Corp., EDGAR C. CRADDICK, DAVID CRADDICK, ADMINISTRATORS OF THE ESTATE OF DOUGLAS C. CRADDICK and ROBERT KERLEY, Plaintiffs**

**v.**

**MAGDALENE VAIVAO CRADDICK and DOES 1-20 inclusive, Defendants**

High Court of American Samoa
Trial Division

CA No. 43-89

August 15, 1995

Before RICHMOND, Associate Justice, TAUANU`U, Chief Associate Judge, and LOGOAI, Associate Judge.

Counsel: For Plaintiff, William H. Reardon
 For Defendant, Togiola T.A. Tulafono

Order Denying Motion for New Trial:

In our opinion and order entered on June 27, 1995, in this case, we held void two trusts which vested the legal title to individually owned land in a Samoan and the beneficial interest in non-Samoans. On July 7, 1995, plaintiffs moved for a new trial. The hearing on the motion was held on August 9, 1995, with counsel for all parties present.

## DISCUSSION

### I. Written Grounds

Plaintiffs written motion listed four grounds for a new trial. In each ground, plaintiffs stated that the court erred in making certain decisions, but they did not provide any written reasoning for their general conclusions. They also failed to expand on their assertions during oral argument.

■ T.C.R.C.P. 7(b) requires that motions, "unless made during a hearing or trial, shall be made in writing, [and] state with particularity the grounds therefor. . . ." The court has previously articulated that this rule is especially important in motions for a new trial to "put the trial judge and the opposing party on fair notice of the particular errors that will be alleged on appeal" and "to avoid unnecessary appeals by giving the trial judge a chance to see the errors of his ways." *Judicial Memorandum No. 2-87*, 4 A.S.R.2d 172, 175 (1987).

■ The generality adopted by plaintiffs in stating the grounds for a new trial in this motion comes very close to rendering the motion a nullity. *See United States v. 64.88 Acres of Land*, 25 F.R.D. 88 (1980). In any event, however, we believe that we adequately addressed the four topics raised in the motion in the opinion and order and will, without having the benefit of any further elaboration by plaintiffs, deny the motion as to the four grounds stated in the written motion.

### II. Oral Grounds

At the hearing, plaintiffs orally claimed that given the voidance of the trusts under the opinion and order, the court should have ordered the reversion of the individually owned lands held in the trusts to the original owners rather than to defendant Magdalene Vaivao Craddick ("Magdalene"), who held the legal title to these lands under the two trust arrangements.

Plaintiffs are not entitled to consideration of this argument under the mandates of Rule 7(b). However, despite plaintiffs' cavalier approach, this point deserves present comment.

■ A party has no standing to sue without an "injury-in-fact," or a "direct stake in the controversy." *See Vaomatua v. American Samoa Gov't*, 23 A.S.R.2d 11, 13 (Land & Titles Div. 1993); *Solomona v. Governor*, 17 A.S.R.2d 186, 192 (Land & Titles Div. 1990); *Harrington v. Bush*, 553 F.2d 190, 197, 204-06 (D.C. Cir. 1977). The purpose of this rule is "to protect against improper plaintiffs," by requiring the plaintiff to prove an interest in the suit which "surpasses the common interest of all citizens in procuring obedience to the law." *In re Biester*, 409 A.2d 848, 851 (Pa. 1979). "To surpass the common interest, the interest is required to be, at least, substantial, direct, and immediate." *Id.*

At the hearing, plaintiffs essentially conceded that they had no standing to challenge our decision invalidating the trusts with respect to the rights of the original grantors of the lands. They pursued this argument, however, because of alleged economic impact of the decision on persons who are not parties to this action.

Plaintiffs' idea of furthering public policy goals by resort to the courts is misplaced, and is in fact one of the principal reasons for placing limitations on standing to sue.

> *Demonstrating personal harm of some sort is crucial because this* "gives a litigant a direct stake in the controversy and prevents the judicial process from becoming no more than a vehicle for the vindication of the value interests of concerned bystanders." *United States v. Students Challenging Regulatory Agency Procedures*, 412 U.S. 699, 687 (1973). As such "a mere 'interest in a problem,' no matter how qualified the organization is in evaluating the problem, is not sufficient to establish standing." *Sierra Club v. Morton*, 405 U.S. 727, 739 (1972).

*Vaomatua v. American Samoa Gov't*, 23 A.S.R.2d 11, 13 (Land & Titles

169

Div. 1993).

Furthermore, our decision only adjudicated plaintiffs' claims against Magdalene and her counterclaims against plaintiffs. We found, by virtue of the land alienation laws, that the trusts were void, and that the non-Samoan trust beneficiaries consequently have no interest in the trust lands. The decision was not intended to adjudicate Magdalene's rights against anyone other than the trust beneficiaries who were parties to this action. We did not foreclose the possibility that other third parties may have potentially valid claims against her. It would, therefore, be inappropriate for us to presage any adjudication of the rights of the original grantors or others who are not parties and cannot present their own interests in this action.

The motion for a new trial is denied.

It is so ordered.