979 A.2d 836

Gene STILP, Appellant

v.

Dennis O'BRIEN, Speaker of the Pennsylvania House of Representatives; Joseph Scarnati, President Pro Tempore of the Pennsylvania Senate; and Edward G. Rendell, Governor of the Commonwealth of Pennsylvania, Appellees

Cross–Appeal of Joseph Scarnati, President Prothonotary Tempore of the Pennsylvania Senate (@ No. 87 MAP 2007).

Supreme Court of Pennsylvania.

July 28, 2009.

190

**ORDER**

PER CURIAM.

**AND NOW,** this 28th day of July, 2009, the order of the Commonwealth Court is **VACATED** and Appellant's complaint is dismissed. Appellant has failed to establish standing based on taxpayer status pursuant to the requirements set forth in *Pittsburgh Palisades Park, LLC v. Commonwealth,* 585 Pa. 196, 888 A.2d 655, 661 (2005); *Consumer Party of Pennsylvania v. Commonwealth,* 510 Pa. 158, 507 A.2d 323, 328 (1986); and *Application of Biester,* 487 Pa. 438, 409 A.2d 848 (1979).

Justice SAYLOR files a dissenting statement.

Justice SAYLOR, *(dissenting).*

I would affirm the judgment of the Commonwealth Court in full, as I believe that Appellant has standing to pursue his constitutional claims in view of this Court's analysis in *Pennsylvanians Against Gambling Expansion Fund v. Commonwealth,* 583 Pa. 275, 877 A.2d 383 (2005), but I also agree with the Commonwealth Court's determination that such claims lack merit.

Although I have previously espoused a broader view of taxpayer standing than that adopted by a majority of this Court, *see Stilp v. Commonwealth,* 596 Pa. 62, 76–77, 940 A.2d 1227, 1235–36 (2007) (Saylor, J., concurring), I recognize that the Court has now determined that the factors discussed in *Appeal of Biester,* 487 Pa. 438, 445, 409 A.2d 848, 852 (1979), must all be present before taxpayer standing will be recognized. *See Stilp,* 596 Pa. at 72, 940 A.2d at 1233. Under that formulation, a taxpayer has standing to challenge a governmental action if: "(1) the governmental action would otherwise go unchallenged; (2) those directly and immediately affected by the complained-of matter are beneficially affected and not inclined to challenge the action; (3) judicial relief is appropriate; (4) redress through other channels is unavailable; and (5) no other persons are better situated to assert the claim." *Id.*

(citing *Pittsburgh Palisades Park, LLC v. Commonwealth,* 585 Pa. 196, 207, 888 A.2d 655, 662 (2005)).

Even under this more stringent test, however, I would find that Appellant has taxpayer standing to assert violations of Article III in the enactment of Act 155 of 2006. *See, e.g., Sprague v. Casey,* 520 Pa. 38, 43–44, 550 A.2d 184, 187 (1988) (recognizing taxpayer standing to assert a constitutional challenge to the manner of a judicial election, given the special circumstances involved). Indeed, I find relevant the Commonwealth Court's observation that

> but for [Appellant]'s challenge, the enactment of Act 155 would go unchallenged because the very individuals who enacted the legislation are not likely to challenge the constitutionality of the process by which they enacted Act 155. [Additionally], those directly and immediately affected by the "unlimited free drinks at casinos" provision are the casinos and the players receiving free drinks. Both are beneficially affected and, thus, would not be inclined to challenge the law.

*Stilp v. O'Brien,* No. 8 M.D.2007, *slip op.* at 6 (Pa.Cmwlth. July 5, 2007). The above points appear indisputable (to me at least) and the majority does not presently undertake to explain why they are wrong. In light of the above, the first and second requirements are met. Additionally, there is little doubt that judicial relief would be appropriate if, in fact, Appellant's claims were meritorious, *see, e.g., Pennsylvanians Against Gambling Expansion Fund v. Commonwealth,* 583 Pa. 275, 877 A.2d 383 (2005); *City of Phila. v. Commonwealth,* 575 Pa. 542, 838 A.2d 566 (2003), thus satisfying the third prong. As for the fourth, there is evidently no channel by which Appellant may obtain relief other than in a judicial forum. Finally, while there may be other taxpayers who are equally well suited to assert the claims, it is difficult to see how any may be better suited than Appellant. Thus, I would find that the fifth requirement is satisfied as well.

As for the merits of Appellant's constitutional challenge, I would affirm based upon the analysis set forth by the Com-

monwealth Court majority, *see Stilp v. O'Brien,* No. 8 M.D. 2007, *slip op.* at 7–11.