**Joseph PILCHESKY, Appellant**

v.

**Robert MELLOW, as Senator and Individual, Diane Mellow, and Brad, Inc.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 25, 2011.

Decided May 3, 2011.

Joseph Pilchesky, pro se.

Sal Cognetti, Jr., Scranton, for appellee Robert Mellow.

David J. Solfanelli, Old Forge, for appellee Brad, Inc.

Janine A. Pavalone, Jessup, for appellee Diane Mellow.

BEFORE: McGINLEY, Judge, and BROBSON, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Senior Judge FRIEDMAN.

Joseph Pilchesky appeals from the August 3, 2010, order of the Court of Common Pleas of Lackawanna County (trial court), which granted the preliminary objections of Robert Mellow, as Senator and Individual, Diane Mellow and Brad, Inc., (together, Objectors) challenging Pilche-

sky's standing to sue Objectors for violating the Public Official and Employee Ethics Act (Ethics Act).[1] We affirm.

Pilchesky filed a two-count complaint with the trial court. In Count I, Pilchesky alleged that, from 2001 to 2008, Senator Mellow engaged in conduct that constitutes a conflict of interest, a violation of section 1103(a) of the Ethics Act.[2] Pilchesky asserted that, in 2001, Senator Mellow caused the Senate of Pennsylvania (State Senate) to enter into a lease agreement with Brad, Inc., for office space for the district office of Senator Mellow. (R.R. at 3.) At the time, Diane Mellow was Senator Mellow's spouse and a co-owner of Brad, Inc. (*Id.*) In 2006, Senator Mellow and Diane Mellow divorced, and Diane Mellow's interest in Brad, Inc., was transferred to Senator Mellow. (R.R. at 4.) Thus, Pilchesky asserted that Senator Mellow used the authority of his office for the private pecuniary gain of himself and a member of his immediate family.[3] (R.R. at 5–6.) In his request for relief, Pilchesky sought an order requiring Objectors to pay the State Senate $240,277, plus interest, and requiring Senator Mellow to pay $250,000 in punitive damages to a charity, or to charities, of Pilchesky's choice. (R.R. at 11.)

In Count II, Pilchesky alleged that Objectors engaged in fraud by concealing from the State Senate that Senator Mellow and Diane Mellow, at different times, were co-owners of Brad, Inc. (R.R. at 11–13.) In his request for relief, Pilchesky sought an order requiring Senator Mellow and Diane Mellow to repay the State Senate all funds received under the lease agreement and requiring Senator Mellow to pay $250,000 in punitive damages to a charity, or charities, of Pilchesky's choice. (R.R. at 13–14.)

Objectors filed preliminary objections with the trial court, arguing that Pilchesky lacked standing to file a complaint with the trial court for a violation of the Ethics Act. Pilchesky asserted taxpayer standing under *In re Application of Biester*, 487 Pa. 438, 409 A.2d 848 (1979). The trial court, however, ruled that Pilchesky lacked taxpayer standing because: (1) if brought to the attention of the State Senate or the State Ethics Commission, the action would not go unchallenged; (2) those directly and immediately affected by the alleged violation are not affected beneficially by the violation, so that they would not challenge it; and (3) the State Senate and the State Ethics Commission are better situated to assert the claim. (R.R. at 105–106.) For these reasons, the trial court granted Objectors' preliminary objections. Pilchesky now appeals to this court.[4]

Pilchesky argues that the trial court erred in concluding that he lacked taxpayer standing pursuant to *Biester*. We disagree.

In *Biester*, 487 Pa. at 445–46, 409 A.2d at 852, our supreme court stated that: (1) the fundamental reason for granting standing to taxpayers is that otherwise a large body of governmental activity would

1. 65 Pa.C.S. §§ 1101–1113.

2. 65 Pa.C.S. § 1103(a).

3. Section 1102 of the Ethics Act defines "conflict of interest" to include a public official's use of the authority of his office for the private pecuniary gain of himself or a member of his immediate family. 65 Pa.C.S. § 1102.

4. Our review of a trial court order sustaining preliminary objections and dismissing a complaint is whether the trial court committed an error of law or an abuse of discretion. *R.H.S. v. Allegheny County Department of Human Services, Office of Mental Health*, 936 A.2d 1218, 1224 (Pa.Cmwlth.2007).

be unchallenged; (2) this will most often occur when those directly and immediately affected by the complained of action are beneficially affected as opposed to adversely affected; and (3) in considering taxpayer standing, courts must also give consideration to (a) the appropriateness of judicial relief, (b) the availability of redress through other channels or (c) the existence of other persons better situated to assert the claim.

With respect to the first factor, section 1108(a) of the Ethics Act states that any person may file a complaint with the State Ethics Commission alleging a violation of the statute, and the State Ethics Commission "shall conduct a preliminary inquiry." 65 Pa.C.S. § 1108(a). Pilchesky did not aver, and does not argue, that he filed a complaint with the State Ethics Commission. If Pilchesky had done so, the State Ethics Commission would have had a statutory duty to pursue the matter.[5]

With respect to the second factor, the State Ethics Commission, which is directly and immediately affected by the alleged violation as a result of its statutory duties, is not beneficially affected and, thus, would not ignore its statutory duties. Indeed, the State Ethics Commission would have good reason to investigate the alleged violation because a person who violates section 1103(a) of the Ethics Act commits a felony, and a person who acquires financial gain from a violation shall pay treble damages into the State Treasury. Sections 1109(a) and (c) of the Ethics Act, 65 Pa. C.S. §§ 1109(a), (c).

With respect to the other factors, judicial relief would not be appropriate because redress is available through the State Ethics Commission. Moreover, given the State Ethics Commission's statutory authority, including the power to refer a case to law enforcement officials for possible criminal prosecution, the State Ethics Commission is better situated to assert the claim than Pilchesky.

Accordingly, we affirm.

## ORDER

AND NOW, this 3rd day of May, 2011, the order of the Court of Common Pleas of Lackawanna County, dated August 3, 2010, is hereby affirmed.

---

**5.** Moreover, under section 1109(d) of the Ethics Act, the State Senate can discipline its members for violations of the statute. 65 Pa.C.S. § 1109(d).