# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Luigi DeFrancesco, : 
             Appellant : 
              : 
           v. :   No. 318 C.D. 2024
              :   Submitted: October 8, 2024
School Board Penncrest School : 
District : 

**BEFORE:    HONORABLE RENÉE COHN JUBELIRER,** President Judge
             **HONORABLE CHRISTINE FIZZANO CANNON,** Judge (P.)
             **HONORABLE MATTHEW S. WOLF**, Judge

<u>**OPINION NOT REPORTED**</u>

**MEMORANDUM OPINION BY**
**PRESIDENT JUDGE COHN JUBELIRER**         **FILED: November 6, 2024**

Luigi DeFrancesco (Mr. DeFrancesco), proceeding pro se, appeals from the Order of the Court of Common Pleas of Crawford County (common pleas) that dismissed Mr. DeFrancesco's "Motion to Issue Special Relief Injunction" (Complaint), which challenged the expenditure of certain funds by the School Board (Board) of Penncrest School District (District) without undergoing a bidding process, on the basis that Mr. DeFrancesco lacked standing to file the Complaint. On appeal, Mr. DeFrancesco argues that common pleas erred because he has established taxpayer standing under *Consumer Party of Pennsylvania v. Commonwealth*, 507 A.2d 323 (Pa. 1986), and *Application of Biester*, 409 A.2d 848 (Pa. 1979). Upon careful review, we affirm.

Mr. DeFrancesco filed the Complaint averring that he is a taxpayer of the District and that at the January 11, 2024 Board meeting, which he attended, the Board, in a six-to-three vote, approved the purchase of electronic equipment for the

District's teachers. (Compl. ¶¶ 1-2; the District's Answer, Ex. A.[1]) This purchase was of Apple products (MacBooks and iPads), directly from Apple, Inc., in the amount of $390,737.50, and occurred "without formal bidding." (*Id.* ¶ 3, Ex. A.) This violated, Mr. DeFrancesco averred, the Public School Code of 1949[2] (School Code) and the Commonwealth Procurement Code[3] (Procurement Code). (*Id.* ¶¶ 5-6.) Mr. DeFrancesco advised the Board of the requirements of the District's procurement policy and Sections 512 and 515 of the Procurement Code, 62 Pa.C.S. §§ 512 (requiring competitive sealed bidding for contracts), 515 (relating to sole source procurements), which he read as requiring a formal bidding process. (Compl. ¶¶ 4-6.) Mr. DeFrancesco averred he "is interested that all decisions made by the [Board] [are] made by complying with the Laws of the Commonwealth[,] giving a chance with competitive bidding not to over spend and not to risk unnecessary tax increase." (*Id.* ¶ 8.) As relief, Mr. DeFrancesco sought to enjoin the District's expenditure of the approved funds. (*Id.*, Relief Sought.) Attached to the Complaint were a brief in support and examples of non-Apple products that Mr. DeFrancesco believed were comparable and showed that Apple, Inc. was not the only manufacturer or vendor of laptops and tablets, which the Board should have considered through the bidding process. (Brief in Support at 1-2, Ex. C.)

The District filed an Answer and Response in Opposition to Mr. DeFrancesco's Brief, in which it challenged the sufficiency of Mr. DeFrancesco's

---

[1] The Complaint, which is item 1 in the Original Record, is not found in the Reproduced Record or Supplemental Reproduced Record filed by the parties. The Answer, which is item 3 in the Original Record, is likewise not found in either the Reproduced Record or Supplemental Reproduced Record filed by the parties.

[2] Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §§ 1-101—27-2702.

[3] 62 Pa.C.S. §§ 101-2311.

interest to bring this matter and demanded strict proof of that interest. (The District's Answer to the Complaint ¶ 8; The District's Response to the Brief in Support ¶ 18.[4])

In reply to the District, Mr. DeFrancesco asserted that "as a resident of the [District] and a taxpayer of the [D]istrict thru [sic] real estate taxes [he] has [] clear standing." (Mr. DeFrancesco's Answer to the District's Answer ¶ 8, Reproduced Record (R.R.) at 39a (citing *Marx v. Lake Lehman Sch. Dist.*, 817 A.2d 1242 (Pa. Cmwlth. 2003)).) He filed an amendment to his initial brief that acknowledges that "Apple[,] Inc. is the sole provider of Apple products of school instructional material such as iPads," but asserts that "Chromebook[s] will accomplish the same goals as the iPad," and are available through other vendors. (Mr. DeFrancesco's Amendment to Brief in Support of Complaint at 2-3, R.R. at 20a-21a; *see also* Mr. DeFrancesco's Answer to the District's Response at 2-3, R.R. at 31a-32a.)

Although originally scheduled for a hearing on the merits, common pleas ultimately heard argument on whether Mr. DeFrancesco had standing to bring the Complaint.[5] Mr. DeFrancesco reiterated his position that he had standing as a taxpayer under *Biester* because the District "went out for bids with only one supplier, Apple." (Supplemental Reproduced Record (S.R.R.) at 127b, 133b.) Mr. DeFrancesco indicated that he "wanted the District to go out for bids[] that include[]

---

[4] The District also raised as New Matter that Apple, Inc. is the sole provider of Apple products for educational institutions, and, therefore, the contract could be awarded without competition under Section 515(a)(1) of the Procurement Code, 62 Pa.C.S. § 515(a)(1). (The District's New Matter ¶¶ 12-15, Ex. B.) The District subsequently filed Supplemental New Matter, with numerous attachments, additionally asserting that no violation of law occurred because the purchase was "through an approved co-operative vendor, namely, PEPPM Cooperative Purchasing and the Central Susquehanna Intermediate Unit," which contained a bid for Apple products from 2023. (The District's Supplemental New Matter ¶¶ 15, 17-23, Supplemental Reproduced Record (S.R.R.) at 1b-4b.)

[5] While labeled a pre-trial conference, the argument was transcribed, and that transcript is found beginning at page 120b of the Supplemental Reproduced Record.

Apple and all the other . . . compan[ies] that make the same technology, computer, laptops, or whatever they call it." (*Id.* at 133b.)

Common pleas disagreed, ruling from the bench that Mr. DeFrancesco did not meet the *Biester* standards, all five of which had to be satisfied. In particular, common pleas reasoned that the first two, that the decision would go unchallenged and that all those immediately affected are beneficially affected, were unmet here because competing vendors that were not given the opportunity to bid the contract could challenge the District's decision to award the contract without going through the bidding process. (*Id.* at 138b-39b.) Common pleas further found that Mr. DeFrancesco was, essentially, challenging the District's discretion in choosing Apple products over other possible products, which was not, in common pleas' view, subject to judicial review, leaving the third *Biester* criteria, that judicial relief is appropriate, unmet. (*Id.* at 139b.) Ultimately, common pleas held that because all five of the *Biester* criteria had to be met, Mr. DeFrancesco did not have taxpayer standing. (*Id.* at 140b.) Common pleas then issued the Order, formally dismissing the Complaint for the reasons set forth at argument.

Mr. DeFrancesco appealed and included errors he alleged common pleas made in dismissing the Complaint.[6] Common pleas filed an opinion under Pennsylvania Rule of Appellate Procedure 1925(a), Pa.R.A.P. 1925(a), further explaining its decision dismissing the Complaint.

---

[6] Mr. DeFrancesco filed a Motion for Reconsideration, but common pleas did not rule thereon.

4

On appeal,[7] Mr. DeFrancesco asserts multiple reasons he believes common pleas erred in dismissing this matter.[8] Two of those reasons, Mr. DeFrancesco asserts, are that the District improperly filed the Supplemental New Matter to show that the award of the contract was lawful, an issue unrelated to the question of his standing. Mr. DeFrancesco maintains he was unable to respond to that filing, upon which common pleas erroneously relied to dismiss the Complaint. Notably, Mr. DeFrancesco does not offer support for why the District could not supplement its response, particularly where Mr. DeFrancesco amended his own filings. More importantly, however, common pleas did not rely on those materials or the District's argument to dismiss the Complaint. Rather, common pleas expressly indicated it was not doing so because "[a] court must assume . . . , in evaluating standing, 'that the action is in fact contrary to some rule of law.'"[9] (Common pleas' 1925(a) Opinion (1925(a) Op.) at 2 n.3 (quoting *Gates v. City of Pittsburgh Hist. Rev. Comm'n*, 254 A.3d 803, 809 (Pa. Cmwlth. 2021)).)

Mr. DeFrancesco also argues that common pleas committed an error of law and abuse of discretion in finding that he did not have taxpayer standing because he meets all five of the *Biester* criteria.

"Prior to judicial resolution of a dispute, an individual must demonstrate that [they have] standing to bring the action." *Highley v. Dep't of Transp.*, 195 A.3d

---

[7] Mr. DeFrancesco includes materials relating to requests for records under the Right-to-Know Law, Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104, from the District and the Central Susquehanna Intermediate Unit in the Reproduced Record's materials. However, these materials are not in the Original Record and, therefore, cannot be considered in this appeal. *Kennedy House, Inc. v. Phila. Comm'n on Hum. Rels.*, 143 A.3d 476, 485 (Pa. Cmwlth. 2016) (this Court cannot consider evidence that was never made a part of the original record).

[8] We have rearranged and combined some of Mr. DeFrancesco's arguments.

[9] While common pleas discussed the merits of the Complaint during the argument, such discussion was dicta because it had already concluded that Mr. DeFrancesco lacked standing, which common pleas indicated was the "threshold" issue. (S.R.R. at 137b, 140b-41b.)

5

1078, 1082 (Pa. Cmwlth. 2018). Traditional standing requires an individual to establish that they are aggrieved, i.e., that they have a "substantial, direct, and immediate interest in the outcome of the litigation." *Pittsburgh Palisades Park, LLC v. Commonwealth*, 888 A.2d 655, 659-60 (Pa. 2005). There is an exception to this traditional standing requirement, created by the Supreme Court in *Biester*. Pursuant to this exception, a taxpayer has standing to challenge government action if they satisfy the following criteria:

> (1) **the governmental action would otherwise go unchallenged**;
>
> (2) **those directly and immediately affected by the complained of matter are beneficially affected and not inclined to challenge the action**;
>
> (3) judicial relief is appropriate;
>
> (4) redress through other channels is unavailable; and
>
> (5) no other persons are better situated to assert the claim.

*Pittsburgh Palisades Park*, 888 A.2d at 662 (emphasis added) (summarizing *Biester* taxpayer exception standing requirements). All five of the *Biester* criteria must be satisfied for an individual to have taxpayer standing. *Highley*, 195 A.3d at 1084.

As to the first and second criteria, Mr. DeFrancesco argues he meets these criteria because he was the only one who challenged the Board's decision and no one else filed a complaint, and because those directly and immediately affected were the District's teachers, who were benefited from the Board's decision. We agree with common pleas, however, that these criteria are not met here. Mr. DeFrancesco's arguments are predicated on the District allegedly violating the Procurement Code by not engaging in competitive bidding before awarding the contract in this matter. Mr. DeFrancesco posits that there are other vendors out there

6

that can provide goods that would meet the District's needs and they should have been given the chance to bid on the contract. As common pleas held, however, under Section 1711.1(a) of the Procurement Code, 62 Pa.C.S. § 1711.1(a), a prospective bidder or offeror, or prospective contractor, has the right to protest if they are aggrieved by a solicitation or award of a contract. Similarly, these potential bidders or contractors were not beneficially affected by the award of the contract without bidding.

*Consumer Party of Pennsylvania* does not require a different result because, in that case, those directly and immediately involved in the challenged action, the state legislators who received salary and expense increases through the challenged statute, were beneficially affected and, therefore, not inclined to assert that the statute was unconstitutional. 507 A.2d at 329. Although Mr. DeFrancesco asserts the only people directly and immediately involved in the Board's decision are the District's teachers, who benefitted from that decision, Mr. DeFrancesco's own assertion that other vendors exist that could provide electronics to suit the District's needs but were not given the opportunity to bid shows otherwise.

Because we discern no error in common pleas' determination that Mr. DeFrancesco did not meet two of the *Biester* criteria,[10] common pleas did not err or abuse its discretion in dismissing the Complaint for a lack of standing.

---

**RENÉE COHN JUBELIRER,** President Judge

---

[10] To the extent Mr. DeFrancesco faults common pleas for not addressing all of the *Biester* criteria, this is not required because if any one of the criteria is unmet, taxpayer standing is not established. *Highley*, 195 A.3d at 1084.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Luigi DeFrancesco,               :
              Appellant       :
                            :
        v.                 :    No. 318 C.D. 2024
                            :
School Board Penncrest School      :
District                           :

## O R D E R

**NOW**, November 6, 2024, the Order of the Court of Common Pleas of Crawford County, entered in the above-captioned matter, is hereby **AFFIRMED**.

_____
**RENÉE COHN JUBELIRER,** President Judge