517 A.2d 956

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Bruce CARSIA, Appellee.**

Supreme Court of Pennsylvania.

Argued March 7, 1986.

Decided Nov. 20, 1986.

510

LeRoy S. Zimmerman, Atty. Gen., Robert L. Keuch, Executive Deputy Atty. Gen., Lawrence N. Claus, Senior Deputy Atty. Gen., Robert A. Graci, Deputy Atty. Gen., Harrisburg, for appellant.

John Rogers Carroll, Carroll & Carroll, Philadelphia, Michael D. Foglia, Pittsburgh, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## OPINION

NIX, Chief Justice.

In this appeal we are called upon to decide the extremely important question of whether the elected Attorney General provided for under Article 4, section 4.1, of our Constitution

is limited in authority to prosecution of criminal cases as set forth in section 205 of the Commonwealth Attorneys Act ("Act"), 71 P.S. § 732–205 (Suppl. Pamphlet 1963–1983).[1] The trial court and the Superior Court, sitting *en banc*, have concluded that the power of the Attorney General to prosecute criminal matters is prescribed by section 205 and that he does not possess any inherent additional powers not therein set forth. For the reasons that follow, we agree with their conclusion.

Appellee, Bruce Carsia, an attorney, was arrested and charged with bribery,[2] obstructing the administration of law,[3] conspiracy,[4] and solicitation[5] by agents within the office of the Attorney General. The charges arose from an alleged attempt by appellee to bribe two police officers relating to a pending matter before a District Justice in West Mifflin Township, Allegheny County. Appellee, after preliminary hearing, was held under bond for trial. Thereafter an information was prepared and filed in the Court of Common Pleas, Allegheny County, by the office of the Attorney General. On December 1, 1982, appellee filed a petition which asserted, *inter alia*, that the information should be quashed because the Attorney General was without authority to bring the prosecution. The petition was granted and the criminal information was dismissed. An application for reconsideration was subsequently heard and denied. An appeal from that order was taken to the Superior Court. After ruling that the appeal was not interlocutory the Superior Court, sitting *en banc*, affirmed the dismissal of the information, holding that the Attorney General can only investigate and prosecute criminal actions set forth under section 205 of the Act. 341 Pa.Super. 232, 491 A.2d 237.

1. Act of October 15, 1980, P.L. 950, §§ 101–506, 71 P.S. §§ 732–101 to 732–506.

2. See 18 Pa.C.S. § 4701

3. See 18 Pa.C.S. § 5101

4. See 18 Pa.C.S. § 903

5. See 18 Pa.C.S. § 902

Prior to the adoption of Article 4, section 4.1,[6] the Attorney General was appointed by the Governor,[7] and served at his pleasure as a member of his cabinet.[8] In *Commonwealth ex rel. Minerd v. Margiotti,* 325 Pa. 17, 188 A. 524 (1936), this Court held that the state Attorney General was:

> clothed with the powers and attributes which enveloped Attorneys General at common law, *including* the right to investigate criminal acts, to institute proceedings in the several counties of the Commonwealth, to sign indictments ... to appear in court and to try criminal cases on the Commonwealth's behalf, and, in any and all of these activities to supersede and set aside the district attorney when in the Attorney General's judgment such action may be necessary.

*Id.,* 325 Pa. at 31, 188 A. at 530. In so describing the powers of the Attorney General, the Court in *Minerd* relied on an extensive assortment of English and American historical authorities. Although this rule subsequently enjoyed a long history in the jurisprudence of this state, it was frequently subjected to severe criticism. *See, e.g., Re Dauphin County Grand Jury Investigative Proceedings (No. 3),* 332 Pa. 358, 368, 2 A.2d 809, 814 (1938) (Maxey, J., dissenting); *Margiotti Appeal,* 365 Pa. 330, 341, 75 A.2d 465, 470 (1950) (Jones, J., dissenting).

The appellant here asserts that the Commonwealth Attorneys Act is but one source of the Attorney General's powers, and that, moreover, the language of Article 4, section 4.1, of our state constitution and that of the Act evidence an intent to retain the common law powers of the Attorney General.

Article 4, section 4.1, of the Pennsylvania Constitution provides, in part here pertinent, as follows:

> An Attorney General shall be chosen by the qualified electors of the Commonwealth ...; he shall be the chief law officer of the Commonwealth and shall exercise such

6. Pa. Const. art. 4, § 4.1 (adopted May 16, 1978).

7. Pa. Const. art. 4, § 8 (as amended to January 1, 1969).

8. Pa. Const. art. 4, § 1 (as amended to January 1, 1969).

powers and perform such duties *as may be imposed by law.*

(Emphasis added.) Seizing upon the italicized portion of the above provision, the appellant argues that the term "law" refers to the pre-existing body of legal principles. This argument fallaciously assumes that the phrase "as may be imposed by law" refers to common law precepts and excludes statutory law. In our view, the use of the language "as may be imposed" clearly shows an extension of power to the legislature to statutorily define and regulate the powers and duties of the Attorney General.

The General Assembly utilized that grant of constitutional powers in 1980, and enacted the Commonwealth Attorneys Act. That Act made it clear that the powers of the state Attorney General are no longer an emanation from some bed of common law precepts, but are now strictly a matter of legislative designation and enumeration. Section 201(a) of the Act declares that:

> The Office of Attorney General shall be an independent department.... The Attorney General *shall* exercise *such powers* and perform such duties *as are hereinafter set forth.*

(Emphasis added.) 71 P.S. § 732–201(a). This provision expressly states that the powers of the Attorney General are those which are set forth in the Act itself. If there is any doubt that the Commonwealth Attorneys Act is the sole source of the Attorney General's powers, such doubt must be dispelled by the Final Report of the Joint State Government Commission Task Force on the Office of the Elected Attorney General. That report states that there was substantial consensus for the concept that "[l]egislation enacted by the General Assembly is the exclusive source of the powers and duties of the elected Attorney General pursuant to Article IV, Section 4.1...."

Section 205(a) of the Act, 71 P.S. § 732–205(a), sets forth specific kinds of cases over which the Attorney General is to have prosecutorial authority. See Appendix A. Section 205(b) provides that, as to three of those case types, "the

Attorney General shall have concurrent jurisdiction with the district attorney." The three categories for which concurrent jurisdiction exists are contained in subsections (a)(1), (2) and (6) of section 205; and they encompass the following types of cases:

§ 732–205. Criminal prosecutions

(a) Prosecutions.—The Attorney General shall have the power to prosecute in any county criminal court the following cases:

(1) Criminal charges against *State officials* or employees affecting the performance of their public duties or the maintenance of the public trust and criminal charges against persons *attempting to influence such State officials* or employees or benefit from such influence or attempt to influence.

(2) Criminal charges involving *corrupt organizations* as provided for in 18 Pa.C.S. § 911 (relating to corrupt organizations).

\* \* \* \* \* \*

(6) Criminal charges investigated by and *referred to him by a Commonwealth agency* arising out of enforcement provisions of the statute charging the agency with a duty to enforce its provision.

(Emphasis added.)

As noted, the criminal charges against Bruce Carsia all related to his attempt to bribe two *municipal* policemen, to bring about a change in their testimony in a matter pending before a District Justice. Thus, none of the charges against him fall within any of the categories of cases subject to concurrent prosecutorial authority. Certainly, the two police officers were not state officials or employees as to bring the case within section 205(a)(1). The charges do not involve a corrupt organization as to come within subsection (a)(2).[9] Nor were the charges against Carsia ones that were

**9.** The conduct proscribed by the "corrupt organizations" section of the Crimes Code, 18 Pa.C.S. § 911, is or relates to the use of income derived from a "pattern of racketeering activity" to acquire an interest in, establish or maintain control of an enterprise; or the use of a

investigated by and referred to the Attorney General by a Commonwealth agency pursuant to a statute enforced by such an agency;[10] thus, subsection (a)(6) of 205 is not a basis for concurrent jurisdiction. Indeed, none of the charges come within any class of case in the entire of section 205(a) of the Act.

In our view, for the reasons set forth herein, the Superior Court was correct in holding that the Attorney General had no prosecutorial authority over the criminal charges here involved.[11]

Accordingly, we affirm the order of the Superior Court affirming the decision of the trial court.

## APPENDIX A

§ 732–205. Criminal prosecutions

(a) Prosecutions.—The Attorney General shall have the power to prosecute in any county criminal court the following *cases*:

(1) Criminal charges *against State officials* or employees affecting the performance of their public duties or the maintenance of the public trust and criminal charges against persons *attempting to influence such State officials* or employees or benefit from such influence or attempt to influence.

"pattern of racketeering activity" in the conduct of the affairs of an enterprise. 18 Pa.C.S. §§ 911(b)(1)-(b)(3). Appellee Carsia was not charged under this provision.

**10.** Section 102 of the Act, 71 P.S. § 732–102, defines "Commonwealth agency" as "any executive agency or independent agency."

**11.** Appellee Carsia, besides arguing in support of the order here for review, had also filed a motion urging our Court to dismiss the appeal on the ground of mootness. The mootness claim was based on an assertion that, because Carsia was committed by order of the trial court to a drug treatment program in lieu of prosecution, pursuant to section 18 of the Act of April 14, 1972, P.L. 233, *as amended,* 35 P.S. § 780–118, such an order was tantamount to disposition under 18 Pa.C.S. § 109, thus barring further prosecution. However, we will not address the mootness question. Clarification of the issue raised in the underlying appeal is essential to the efficient operation of our law enforcement system; therefore, we have elected to decide that issue on the merits.

(2) Criminal charges involving *corrupt organizations* as provided for in 18 Pa.C.S. § 911 (relating to corrupt organizations).

(3) Upon the request of a district attorney who lacks the resources to conduct an adequate investigation or the prosecution of the criminal case or matter or who represents that there is the potential for an actual or apparent conflict of interest on the part of the district attorney or his office.

(4) The Attorney General may petition the court having jurisdiction over any criminal proceeding to permit the Attorney General to supersede the district attorney in order to prosecute a criminal action or to institute criminal proceedings. Upon the filing of the petition, the president judge shall request the Supreme Court to assign a judge to hear the matter. The judge assigned shall hear the matter within 30 days after appointment and make a determination as to whether to allow supersession within 60 days after the hearing. The district attorney shall be given notice of the hearing and may appear and oppose the granting of the petition. Supersession shall be ordered if the Attorney General establishes by a preponderance of the evidence that the district attorney has failed or refused to prosecute and such failure or refusal constitutes abuse of discretion.

(5) When the president judge in the district having jurisdiction of any criminal proceeding has reason to believe that the case is a proper one for the intervention of the Commonwealth, he shall request the Attorney General to represent the Commonwealth in the proceeding and to investigate charges and prosecute the defendant. If the Attorney General agrees that the case is a proper one for intervention, he shall file a petition with the court and proceed as provided in paragraph (4). If the Attorney General determines that the case is not a proper case for intervention, he shall notify the president judge accordingly.

(6) Criminal charges investigated by and *referred to him by a Commonwealth agency* arising out of enforcement provisions of the statute charging the agency with a duty to enforce its provisions.

(7) Indictments returned by an investigating grand jury obtained by the Attorney General.

(8) Criminal charges arising out of *activities of the State Medicaid Fraud Control Unit* as authorized by Article XIV (relating to fraud and abuse control), act of June 13, 1967 (P.L. 31, No. 21), known as the "Public Welfare Code," and the Federal law known as the "Medicare-Medicaid Antifraud and Abuse Amendments."

(b) Concurrent jurisdiction to prosecute.—The Attorney General shall have the concurrent prosecutorial jurisdiction with the district attorney for cases *arising under subsection (a)(1), (2) and (6)* and may refer to the district attorney with his consent any violation or alleged violation of the criminal laws of the Commonwealth which may come to his notice.

(Emphasis added.)