## In re Fifth Pennsylvania Statewide Investigating Grand Jury [No. 1]

*Harold Gondelman,* for petitioner.
*Robert A. Gracie,* for Office of Attorney General.

BAYLEY, *J.,* September 10, 1987 — Petitioner [X], filed a motion seeking relief from the supervising judge of the Fifth Statewide Investigating Grand Jury. His petition sets forth that he is a candi-

date for mayor of the city of [Y] in an election to be held in November 1987.[1] He alleges that he is being damaged by unlawful and illegal activities of the Office of the Attorney General. He presumes that the grand jury is investigating him and the city of [Y]. He avers that he has done no wrong and seeks a hearing and relief in the form of an order directing the Office of the Attorney General to cease any such investigation that it is conducting.

On August 7, 1987, pursuant to petitioner's motion, we entered a rule directed to the attorney general to show cause why the relief sought should not be granted. In response, the attorney general filed a motion to discharge the rule challenging petitioner's standing as well as the ripeness of any of the issues raised before this grand jury. In response thereto we entered an order on August 18, 1987 staying our prior order of August 4, 1987, and directed petitioner to respond to the attorney general's motion to discharge the rule. Briefs have been filed and the matter is ready for decision.

## DISCUSSION

As supervising judge we take notice that no criminal proceedings have been instituted against petitioner as a result of any investigation being conducted by the attorney general. Petitioner has not been charged or arrested with respect to any criminal proceedings instituted by the attorney general. Petitioner has not been subpoenaed to appear before the Fifth Statewide Investigating Grand Jury nor has he been named in any presentment approved by the grand jury and accepted by this supervising judge. Petitioner has not been named in any investigating

---

1. He is the current mayor of [Y].

grand jury report submitted to the supervising judge.

Accordingly, we agree with the attorney general that any allegations made by petitioner concerning the attorney general's authority to conduct an investigation of him or his activities, individually or as the mayor of the city of [Y], are premature and not ripe for judicial consideration. Furthermore, petitioner lacks standing to question the propriety of any investigation by the Office of the Attorney General of the city of [Y]. Additionally, he lacks standing to challenge the propriety of the order granting the application of the attorney general for an additional multi-county investigating grand jury entered by Chief Justice Nix of the Supreme Court of Pennsylvania on April 1, 1986.[2]

A challenge by a person to the propriety of an investigation conducted by the attorney general is appropriate only after criminal proceedings have been initiated against that person. See *Commonwealth v. Goodman,* 347 Pa. Super. 403, 500 A.2d 1117 (1985). To allow challenges before criminal proceedings are instituted against specific persons would unduly interfere with legitimate law enforcement interests and it is for this reason that courts have generally refused to interfere with ongoing grand jury investigations. See *Commonwealth v. Columbia Investment Corporation,* 457 Pa. 353, 325 A.2d 289 (1974). Likewise, while a person may challenge the authority of the attorney general to prosecute, such a claim is only ripe for determination after the person has, in fact, been charged and is being prosecuted by the attorney general. See *Commonwealth v. Carsia,* 341 Pa. Super. 232, 491

---

2. See The Investigating Grand Jury Act, 42 Pa.C.S. §4541 et seq.

A.2d 237 (1985), affirmed 512 Pa. 509, 517 A.2d 956 (1986), and *Commonwealth v. Trputec*, 363 Pa. Super. 239, 525 A.2d 808 (1987). Furthermore, to the extent that petitioner is asserting a perceived claim of the city of [Y] not to be investigated, it is clear that he has no standing to assert such a claim. See *Application of Biester*, 487 Pa. 438, 409 A.2d 848 (1979).

Petitioner's reliance on *In re County Investigating Grand Jury of April 24, 1981, (Appeal of Krakower)*, 500 Pa. 557, 459 A.2d 304 (1983), is misplaced. In *Krakower*, a matter had been submitted to a grand jury for investigation. That grand jury returned a presentment recommending prosecution of Krakower and his wife for arson. They moved to quash the presentment and resulting criminal complaints on the ground that the attorney for the commonwealth had misled the grand jury in failing to present certain evidence which would have tended to establish lack of motive for the arson. They did not challenge the existence of a prima facie case against them to support the presentment. The supervising judge quashed the presentment and criminal complaints. Thereafter, a notice of submission of investigation of the alleged arson was submitted to the supervising judge of a subsequent grand jury "to cure the error found by" the first supervising judge. The Krakowers, though there is no indication that they had been subpoenaed, petitioned the supervising judge of the second grand jury to quash the notice of submission. The petition was denied and the Krakowers sought review in the Supreme Court. The Supreme Court concluded that the investigation was improperly submitted to the second grand jury because it had already been completed and the resources of another grand jury were not required to "adequately investigate and uncover crim-

inal activity," which is a jurisdictional prerequisite under the Investigating Grand Jury Act.

No standing issue was raised in *Krakower* as the court reached the issue presented on the merits. Moreover, the appellants in *Krakower* had been affected by the exercise of a grand jury's powers. The first grand jury presented against them. They clearly had standing to move to quash that presentment and did successfully. Since the investigation was resubmitted to a second grand jury for the single and express purpose of curing the error found by the supervising judge as specifically set forth in the notice of submission, and to secure a second presentment (which the commonwealth unsuccessfully argued was one of the powers or resources of the grand jury), they had standing to attack the notice by which the court concluded they were adversely affected.

The unique facts which resulted in the Krakower's being affected by the notice of submission to the second grand jury are not present in the current situation. Dismissing [X's] motion will not deny him the opportunity of having any of his claims adjudicated if and when the grand jury exercises its powers in a way that affects him adversely. If he is subpoenaed as a witness he will be able to challenge the propriety of the subpoena, the impanelment of the grand jury, and the notice of submission. See *In re Investigating Grand Jury of Philadelphia County (Appeal of Washington)*, 490 Pa. 31, 415 A.2d 17 (1980). If he is presented against he will be able to move to quash the presentment. See *In re County Investigating Grand Jury of April 24, 1981, supra.* If he is charged he will be able to challenge the prosecution by way of an omnibus pretrial motion. See *Commonwealth v. Bradfield*, 352 Pa. Super. 466, 508 A.2d 568 (1986).

The same protections apply to challenges to the power of the attorney general to investigate or prosecute any charges that may be made against petitioner. A challenge to the attorney general's authority to investigate is properly raised by a pretrial motion after charges have been filed. See *Commonwealth v. Goodman, supra,* and *Commonwealth v. Khorey,* 347 Pa. Super. 171, 500 A.2d 462 (1985). Similarly, a challenge to the prosecutorial jurisdiction of the attorney general may be properly raised in a pretrial motion to quash. See *Commonwealth v. Carsia, supra,* and *Commonwealth v. Trputec, supra.*

For the foregoing reasons the following order is entered:

## ORDER OF THE COURT

And now, this September 10, 1987, the motion for relief on behalf of [X] docketed before the Fifth Statewide Investigating Grand Jury is dismissed without a hearing.