584 A.2d 334

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**William Thomas HILTON.**

Superior Court of Pennsylvania.

Submitted June 4, 1990.

Filed Dec. 28, 1990.

Petition for Allowance of Appeal Denied May 30, 1991.

Andrea F. McKenna, Deputy Atty. Gen., Harrisburg, for Com., appellant.

David O'Hanesian, Pittsburgh, for appellee.

Before FORD ELLIOTT, HOFFMAN and HESTER, JJ.

FORD ELLIOTT, Judge:

This is an appeal from the January 16, 1990, Order of the Court of Common Pleas of Crawford County, granting appellee's motion *nunc pro tunc* quashing the information and vacating appellee's judgment of sentence and conviction. The issue which the Commonwealth raises on appeal is "Whether The [PCHA] Court Erred In Finding Trial Counsel Ineffective For Failing To File A Motion To Quash The Information?" For the reasons set forth below, we

reverse the grant of the motion to quash and reinstate the Judgement of Sentence.

Following a jury trial, appellee, William Thomas Hilton, was convicted of arson, 18 Pa.C.S. § 3301; fraud in collecting insurance claims, 40 Pa.S. § 474(b); conspiracy to commit arson, 18 Pa.C.S. § 903; and conspiracy to commit fraud in collecting insurance claims, 18 Pa.C.S. § 903. Post trial motions were filed on May 31, 1985. Said motions were denied by the trial court on January 27, 1986. On January 31, 1986, appellee was sentenced to a term of three to ten years imprisonment on the arson conviction with a concurrent sentence of one to three years on the conviction of criminal conspiracy to commit arson. Appellee also received a concurrent sentence of one to twelve months on the conviction of fraud in collecting insurance claims. Appellee appealed to this court and his judgment of sentence was affirmed on April 13, 1987, *Commonwealth v. Hilton,* 366 Pa.Super. 638, 526 A.2d 1233 (1987). On September 30, 1987, appellee, through new counsel filed a petition seeking post-conviction relief wherein he alleged that the Attorney General had no authority to prosecute him and that trial counsel had been ineffective in failing to file a motion to quash the information. An evidentiary hearing was held on February 2, 1988, and on February 6, 1989, the trial court granted appellee leave to file *nunc pro tunc* a motion to quash the information signed by the Attorney General. The court further ordered that if the motion were granted, charges against appellee would be dismissed and the time served credited toward remaining consecutive sentences. The Commonwealth appealed from this order on March 6, 1989. However, this court quashed the appeal as premature in an order dated May 16, 1989.

Upon review of the record, we find that the appeal filed by the Commonwealth on March 6, 1989, was not only timely, but was the proper vehicle to pursue an appeal on the issue of ineffective assistance of counsel. Further in the interests of the proper administration of justice, we find this quashal to be without prejudice and therefore we will

consider the issue raised by the Commonwealth in the instant appeal—that being whether the PCHA court erred in finding trial counsel ineffective for failing to file a motion to quash the information.

Before evaluating the Commonwealth's claims, it is necessary to provide some background information. The PCHA court recounted the factual history of this case in the following manner:

> [Appellee], along with others, was involved in a far-flung motor vehicle theft ring which was investigated by the Attorney General with the help of an investigating grand jury. Many people were charged in that investigation with the theft of commercial motor vehicles and distribution of them extending through most of Western Pennsylvania, and well beyond the borders of Pennsylvania as far as Georgia. The ringleader in the auto theft matter was one Ronald Arnold and the investigation was generally known as the "Arnold" investigation. On August 24, 1984, the Assistant District Attorney of Crawford County wrote to William Conley, the Assistant Attorney General then handling that investigation, saying in pertinent part:
>
> > "This letter will confirm the substance of our two telephone conferences held during the week of August 20th. You called initially to inquire as to whether our office had any objections to the Attorney General's Office prosecuting any and all cases arising from the investigation of Ron Arnold, d/b/a Atlas Sand and Gravel and the various criminal activities Mr. Arnold engaged in. John Dawson [the district attorney] had advised you and I certainly concur that our office would have no objections to your prosecuting all of the individuals connected with the Arnold investigation and the information and leads obtained by you from that investigation.
> >
> > We have discussed this particular investigation at some length and believe that it would be in the best interests of the Commonwealth in having the Attorney General's office prosecute these cases. We feel this way primari-

ly because of the fact that the investigation involves several counties in Pennsylvania as well as several states. It appears to us that a centralized prosecution by your office would result in a more effective effort."

This letter is somewhat ambiguous as to what is covered. It does not appear to be a request by the district attorney, but rather an acquiescence in the request of the Attorney General to be permitted to prosecute cases arising out of the Arnold investigation. It does not define precisely what the parties meant by the Arnold investigation. It would appear, however, from the testimony of John Spataro, the Assistant District Attorney who wrote the letter, (see N.T. 6), and of John Dawson, the District Attorney, (see N.T. 19–22), at the PCHA hearing that both of them really had in mind the motor vehicle theft ring whose tentacles obviously spread far beyond Crawford County. The defendant in those cases subsequently pled guilty to a number of counts relating to the auto theft investigation, and was also sentenced on those charges. Those sentences have not been attacked in this PCHA proceeding.

This arson case was uncovered as a result of the car theft investigation, and some of the same people who were involved in the car theft were co-conspirators in this case. This could be considered a spinoff but really was tried as an isolated arson case unrelated to the major investigation. Arnold himself had decided to cooperate with the authorities and did, in fact, testify in many of the prosecutions.

Trial court opinion, 2/6/89 at 3–5.

With these facts in mind, the PCHA court held that "the district attorney's office in Crawford County had ample resources to have prosecuted this arson case once the facts had been developed." The PCHA court, therefore, concluded that "trial counsel was ineffective in failing to at least make an effort to quash the information in accordance with *Carsia [infra ]*."

In evaluating an ineffectiveness claim, we emphasize that a presumption exists that counsel is acting effectively. *Commonwealth v. Hentosh*, 520 Pa. 325, 554 A.2d 20 (1989). To establish a claim, the defendant has the burden of proving that the issue, argument or tactic which counsel has foregone and which forms the basis for the assertion of ineffectiveness is of arguable merit, and if so, that the particular course chosen by counsel had no reasonable basis designed to effectuate the client's interests. Additionally, it must be demonstrated by the defendant how the ineffectiveness was prejudicial. *Id.*

In making assertions of ineffectiveness, we also require that an offer of proof be made alleging sufficient facts upon which a reviewing court can conclude that trial counsel may have, in fact, been ineffective. This is so because we frown upon considering claims of ineffectiveness in a vacuum. *Commonwealth v. Durst*, 522 Pa. 2, 5, 559 A.2d 504, 505 (1989).

In light of the standard articulated above, the first step of our analysis will involve the question of whether there is merit to appellee's claim that counsel was ineffective for failing to file a motion to quash the information signed by the Attorney General. In support of his claim that counsel was ineffective, appellee relies primarily upon the case of *Commonwealth v. Carsia*, 341 Pa.Super. 232, 491 A.2d 237 (1985), *aff'd* 512 Pa. 509, 517 A.2d 956 (1986), which was an *en banc* decision of this court. As noted by the PCHA court, the *Carsia* opinion was filed several weeks before trial occurred in the instant case. Counsel for appellee was therefore on notice as to its holding. In *Carsia*, this court held that the Attorney General can only investigate and prosecute criminal actions within the confines of the Commonwealth Attorney's Act. 71 P.S. § 732-101 *et seq.* Therefore, we must determine whether there is merit to the claim that the instant prosecution was not authorized by the Commonwealth Attorney's Act.

We note at the outset that the Commonwealth claims that the decision in *Carsia* had no apparent applicability to appellee such that trial counsel could be found ineffective for failing to seek its application. The Commonwealth points to 71 P.S. § 732–205(a)(3), to support its claim that the Attorney General was authorized to prosecute the criminal charges involved herein. This section of the Commonwealth Attorney's Act states:

The Attorney General shall have the power to prosecute in any county criminal court the following cases:

(3) Upon the request of a district attorney who lacks the resources to conduct an adequate investigation or the prosecution of a criminal case or matter or who represents that there is the potential for an actual or apparent conflict of interest on the part of the district attorney or his office.

71 P.S. § 732–205(a)(3). The Commonwealth claims that the Attorney General sought and obtained leave from the Office of the District Attorney of Crawford County to prosecute the case. However, we agree with the finding of the PCHA court that the letter written on August 24, 1984, by the assistant district attorney of Crawford County was little more than an afterthought. We also agree with the PCHA court's finding that the district attorney's office in Crawford County had ample resources to have prosecuted this arson case. Therefore, we concur with the PCHA court's conclusion that there was no basis under the Commonwealth Attorney's Act for the Attorney General to sign the information charging appellee with arson, insurance fraud and related claims of conspiracy such charges being unrelated to the on-going "Arnold" investigation. Accordingly, we agree with the PCHA court that appellee would have been granted relief if a motion to quash the information had been filed at time of trial.[1] Further, we conclude that

---

1. Appellee also cites *Commonwealth v. Goodman*, 347 Pa.Super. 403, 500 A.2d 1117 (1985) and *Commonwealth v. Trputec*, 363 Pa.Super. 239, 525 A.2d 808 (1987) *aff'd sum nom. Commonwealth v. Khorey*, 521 Pa. 1, 555 A.2d 100 (1989) in support of his contention that there is merit to his claim that trial counsel was ineffective for failing to file

counsel's failure to pursue such a strategy appears to have had no reasonable basis designed to effectuate the interests of appellee.

However, in evaluating claims of ineffective assistance of counsel, our supreme court has determined there must be both a performance and a prejudice review. "[A] defendant who claims that his counsel's performance was ineffective or had no reasonable basis has not brought the ineffectiveness inquiry to an end. [Defendant] must additionally demonstrate that he was prejudiced by the ineffectiveness." *Commonwealth v. Pierce*, 515 Pa. 153, 160, 527 A.2d 973, 976 (1987). Prejudice in the context of a claim of ineffective assistance of counsel is determined by an evaluation of whether "but for the arguably ineffective act or omission there is a reasonable probability that the result would have been different." *Commonwealth v. Petras*, 368 Pa.Super. 372, 376, 534 A.2d 483, 485 (1987).

Appellee in his brief argues that "a defendant who has been improperly prosecuted by the Attorney General's Office under the Attorney's Act does not have to show prejudice." In support of this assertion, appellee cites *Commonwealth v. Khorey*, 521 Pa. 1, 555 A.2d 100 (1989). In *Khorey*, our supreme court consolidated two unrelated appeals involving individuals who were charged by informations signed by the Attorney General. The portion of the *Khorey* opinion to which appellee refers, involves the Commonwealth's appeal from an order of this court vacating the

a Motion to Quash the Information. Appellee notes in his brief that *Goodman* was "argued on July 23, 1984 (after the trial in the instant case), and decided on September 27, 1985 (well before post trial motions were argued and decided against appellee Hilton). *Goodman* also dealt with a challenge to the Attorney General's jurisdiction." We find *Goodman* to be less on point than *Carsia* since *Goodman* is concerned primarily with the scope of the Attorney General's authority to investigate, rather than prosecute, criminal offenses.

Finally, it should be mentioned that *Trputec* was decided by this court on May 11, 1987 and appellee's judgment of sentence was affirmed on April 13, 1987 which was almost a full month earlier than that decision. For this reason, we agree with the Commonwealth that counsel was not ineffective for failing to anticipate *Trputec*.

judgment of sentence against defendant/appellee Frank Trputec. Said sentence was imposed after a jury convicted Trputec of criminal solicitation and criminal conspiracy. The trial court had denied Trputec's pre-trial motion challenging the authority of the Attorney General to conduct the prosecution under the Commonwealth Attorney's Act. This court reversed and granted a new trial, holding that the circumstances surrounding the request that the Attorney General handle the prosecution did not satisfy the requirements of the Commonwealth Attorney's Act. Our supreme court affirmed this decision and stated the following:

> The Commonwealth finally argues that even if the attorney general was without authority to conduct the prosecution, that error did not contribute to the verdict and, consequently, the granting of a new trial was an inappropriate remedy. Essentially, the Commonwealth argues that a defendant who was improperly prosecuted by the attorney general under the Attorney's Act must show prejudice. To adopt such a requirement would require interlocutory appeals from the Courts of Common Pleas after a denial of a motion to quash an information, for a defendant's objections to the information would otherwise escape appellate review. (Citations omitted).[2]

521 Pa. at 20–21, 555 A.2d at 110.

We find appellee's reliance on *Khorey* to be misplaced. The lack of prejudice advanced by the Commonwealth in *Khorey* is that which must be established in asserting trial error. The supreme court recognized that since the defendant's counsel had properly sought to quash the information pre-trial, and was denied relief, the only remedial measure available on appeal to vindicate the violation of the

---

**2.** Procedurally, it is significant that counsel for *Trputec* raised the issue of whether the Attorney General's office lacked authority to prosecute the case in a pre-trial motion and was denied relief thereon. However, if the information had been properly quashed, the only relief to which *Trputec* would have been entitled would have been to have the charges refiled by the district attorney.

right involved was to grant a new trial.[3] Unlike the prejudice involved in trial error, the prejudice with which we are concerned is that which must be established within the context of ineffectiveness of counsel *Commonwealth v. Pierce, supra; Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Therefore, to be entitled to relief, a petitioner must establish that the alleged error was so substantial as to have directly effected the determination of his guilt in the matter. Instantly, had counsel properly filed a motion to quash the information, and had relief been granted, appellee would have been entitled to have the information refiled by the district attorney. The same evidence would have been admissible at trial and it may be significant that appellee was originally convicted on the basis of legally intercepted wire communications. Without more, appellee is not entitled on PCHA to invalidate an otherwise valid conviction on the basis of remedial relief for a pre-trial error.

The Post Conviction Hearing Act was not meant to provide relief for any and all pre-trial and trial errors. Rather, the purpose of the act is to insure that defendants are not convicted and serving sentences in violation of due process and other fundamental rights. 42 Pa.C.S. § 9542 (Purdon 1982) (repealed 1988). We find it instructive herein that in *Commonwealth v. Khorey,* in describing the nature of the right involved, the court stated that "[t]he right asserted by Khorey is the right not to be prosecuted *by the Attorney General.* The right is limited to just that. It does not encompass the right not to be haled into court *by any state agency.*" 521 Pa. at 11, 555 A.2d at 105. (Emphasis in original).

In the alternative, appellee argues that "to the extent that a showing of prejudice is required to be made out ... then his conviction is the prejudice. We will never know

**3.** It should be noted that had the supreme court determined that a violation of the Commonwealth Attorney's Act was so egregious as to permeate an entire prosecution then jeopardy principles would have applied. Rather, the court exercised its discretion to provide the remedial measure of a new trial to redress the error involved.

what would have happened before a different jury and different prosecutors." The standard of prejudice which must be met herein requires more. In other words; appellee has not shown what would have been different had the district attorney, rather than the Attorney General tried this case.

In the absence of appellee's showing of any prejudice, we find that the PCHA court erred in granting appellee relief and we vacate the order quashing the information and reinstate appellee's Judgment of Sentence.

Order reversed, Conviction and Judgement of Sentence reinstated.